

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   1/27/2025

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javitz Federal Building*
*26 Federal Plaza – Floor 37*
*New York, NY 10007*

January 24, 2025

**By ECF**

MEMO ENDORSED

The Honorable Valorie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *United States v. Alon Alexander, Oren Alexander, and Tal Alexander*, S1 24 Cr. 676
        **(VEC)**

Dear Judge Caproni:

The Government respectfully submits this letter asking the Court to enter the proposed protective order, which is attached as Exhibit A (the "Proposed Protective Order"). The Government believes that a protective order is necessary in this case given the nature of the charges and the sensitivity of the evidence that will be provided during discovery. The Government has asked counsel for each of the defendants for their position on the Proposed Protective Order on multiple occasions between January 14, 2025, and January 22, 2025, when the Government advised counsel that it would file this motion by Friday, January 24, 2025. To date, defense counsel have not advised the Government of their positions on the Proposed Protective Order.

1.      **Background and Discovery**

On December 11, 2024, a superseding indictment was returned by a grand jury sitting in the Southern District of New York (the "Indictment") charging: (1) Alon, Oren, and Tal Alexander with participating in a sex trafficking conspiracy from at least 2010 through at least 2021, in violation of 18 U.S.C. § 1594(c) (Count One); (2) Tal Alexander with sex trafficking Victim-1 by force, fraud, and coercion, in 2011, in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 2 (Count Two); and (3) Alon, Oren, and Tal Alexander with sex trafficking Victim-2, by force, fraud, and coercion in 2016, in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 2 (Count Three).

The offenses charged in the Indictment span more than a decade of sex trafficking activity by the Alexander Brothers. As part of their sex trafficking conspiracy, the Alexander Brothers engaged in a persistent pattern of rape and sexual assault, which included both pre-planned trips and events for which the defendants recruited women to attend and then raped and sexually assaulted them, as well as opportunistic rapes and sexual assaults of numerous victims who they encountered by chance. To date, law enforcement agents have interviewed over 40 women who

reported being forcibly raped or sexually assaulted by at least one of the Alexander Brothers. The rapes and sexual assaults described by victims were committed between approximately 2002 or 2003 and 2021. In these accounts, each defendant has separately been accused of forcible rape by at least ten women.

The disclosure material in this matter includes, among other things, a substantial amount of electronic evidence, including data obtained from social media accounts, iCloud accounts, dating applications, emails, financial records, travel records, photos and videos, and electronic devices seized during the search of the defendants' premises. The Government's disclosure material may include material that affects the privacy and confidentiality of individuals and entities; would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; would risk prejudicial pretrial publicity if publicly disseminated; and that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. In particular, much of the disclosure material in this matter is sensitive and sexually explicit in nature and its disclosure could lead to the identification of victims and witnesses.

### 2.    Applicable Law

Pursuant to Federal Rule of Criminal Procedure 16, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "While protective orders related to judicial documents and criminal proceedings are subject to constitutional and common law scrutiny, protective orders related to discovery are not. This is because experience and logic show that there is no right of access to discovery materials." *United States v. Smith*, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013); *see also id.* ("pre-trial discovery, unlike the trial itself, is usually conducted in private") (internal quotation and citation omitted). Protective orders in criminal cases are standard and serve important functions, particularly where, as here, the Government plans to "provide . . . [an] array of discovery materials," *id.* at 546, in an expeditious manner. "[T]he Supreme Court has held that 'the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Id.* at 521 (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

### 3.    Discussion

Here, good cause supports the entry of the Proposed Protective Order, which is not unduly restrictive. The Proposed Protective Order provides for four designations: Disclosure Material, Sealed Material, Attorney's Possession Only ("APO") Material, and Attorney's Eyes Only ("AEO") Material.

The Government's Disclosure Material includes material that affects the privacy and confidentiality of individuals and entities; would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals. Sealed Material includes material that could lead to the identification of victims and/or witnesses, who may be subject to intimidation

or the risk of harm.[1]  In these circumstances, a protective order is appropriate. *See, e.g., United States v. Baker*, No. 20-CR-288 (LJL), 2020 WL 4589808, at *2 (S.D.N.Y. Aug. 10, 2020) (finding good cause for a protective order "based on the risks that disclosure of certain material could improperly compromise the privacy and confidentiality of individuals and, if prematurely disclosed, could affect the Government's ongoing investigation of uncharged individuals"). Due to the particularly sensitive nature of the evidence in this case, including sexually explicit photos and videos depicting victims and other individuals, as well as evidence relating to rape and sexual assault, the entry of the Proposed Protective Order is necessary.

On the other side of the balance, the Proposed Protective Order does not impede the defendants' ability to prepare their defenses.  It gives defense counsel authority to disclose discovery material to other persons involved in preparing a defense and to use such discovery for purposes of defending this action.  In other words, the Proposed Protective Order would not hinder the defendants' "efforts to defend [themselves] at trial." *Smith*, 985 F. Supp. 2d at 520.

### 4.    Conclusion

For the foregoing reasons, the Government submits that good cause exists to issue the Proposed Protective Order attached hereto as Exhibit A.

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

By:    _/s/_____
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew W. Jones
Assistant United States Attorneys
(212) 637-2226/-2216/-2249

cc: All defense counsel

Defendants must be prepared to discuss the Government's proposed protective order at the status conference scheduled for Wednesday, January 29, 2025, at 2:30 P.M.

SO ORDERED.

1/27/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

[1]  The Government may apply APO or AEO designations to certain Sealed Materials that raise a particular or significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations.