UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                                                                        24-00676-VEC

ALON ALEXANDER, OREN
ALEXANDER, and TAL ALEXANDER,

    Defendants.
_____/

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER**

Oren Alexander moves, pursuant to Fed. R. Crim P. 14(a), for severance. Prejudicial joinder of defendants risks preventing the presentation of exculpatory testimony by each defendant in favor of the other and to otherwise avoid severe and unfair prejudice undermining the right to a fair trial. Alon Alexander adopts Parts II.B and II.C of this motion.

**I.**     **Factual Background**

Oren is charged jointly with his brothers in an unprecedented conspiracy indictment premised on diffuse, conceptually-abstract allegations of an agreement to commit federal sex trafficking in a manner that does not fit any court-approved statutory model.

As for the substantive sex trafficking counts alleged, Oren is not charged with any conduct related to minors. His co-defendants face a single count of sex trafficking of a minor. Trial on that count is anticipated to involve different witnesses and evidence, and perhaps different experts, than trial on the other charges. It will also involve different types of jury selection considerations and require materially different theories of defense and legal issues. The elements to prove sex trafficking of a minor are different than those required to prove substantive sex trafficking. Any allegation of sex trafficking of a minor will cause substantial and undue prejudice against Oren.

Finally, Oren is charged jointly with his twin brother, to whom he bears strong resemblance. Several government actors well familiar with this case have already disclosed to courts that they cannot distinguish the twins. There is thus a significant risk of confusing the jury and any attempt to present misidentification defenses will be significantly hampered by a joint trial involving both twins.

## II. Legal Argument

Even where joinder is appropriate as a matter of law, Fed. R. Crim. P. 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). This occurs, for example, "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant" or when "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Id*. In this instance, joinder of Oren's trial with the trial with his two brothers would deprive him of a fair trial, result in a substantial miscarriage of justice, and would confuse the jury in a manner inconsistent with due process.

### A. <u>Severance is warranted based on the minor accusation of sex trafficking</u>

Count 5 of the Indictment charges Oren's co-defendants, Alon and Tal Alexander, with sex trafficking of a minor. It is unduly prejudicial to join a prosecution of sex crimes against a minor with the prosecution against Oren, who is not charged with any conduct with respect to the minor

alleged in Count 5.

"[A] defendant may be entitled to severance pursuant to Fed. R. Crim. P. 14 if he can show that he would suffer substantial prejudice from a joint trial." *United States v. Greenleaf*, 692 F.2d 182, 187 (1st Cir. 1982). The risk of prejudice in this instance is monumental, and it will lead to a "'spill over effect" that will "prevent the jury from sifting through the evidence to make an individual determination as to each Defendant." *United States v. Chavez*, 584 F.3d 1354, 1360-61 (11th Cir. 2009). Again, Oren is not charged with any minor-related counts. Any evidence related to alleged sex trafficking of a minor would not be admissible against Oren: the alleged conduct with respect to the minor is not part of any common scheme or plan identified in the conspiracy count of the indictment.

"Guilt with us remains individual and personal, even as [it] respects conspiracies. It is not a matter of mass application." *Kotteakos v. United States*, 328 U.S. 750, 772 (1946) ("The indictment charged a single conspiracy only; the proof showed more than one; the instructions told the jury erroneously that on the evidence they could find the defendants guilty of a single confederation; must find that each defendant joined it . . . but, once satisfied concerning that, could attribute to each one found to be a member any act done by any other co-conspirator in furtherance of 'the scheme' as an overt act, again in obvious error"). "Conspiracy prosecutions call for use of every safeguard to individualize each defendant in relation to the mass." *United States v. Gordon*, 990 F. Supp. 171, 176 (E.D.N.Y. 1998).

Severance is one such safeguard warranted here, given the unprecedented nature of the sex-trafficking-of-a-minor and date rape conspiracies, joined in a single indictment and single conspiracy count. "A defendant is prejudiced if the error of trying multiple conspiracies under a single indictment substantially influenced the outcome of the trial." *United States v. Swafford*, 512 F.3d

833, 842 (6th Cir. 2008). *See also United States v. Bertolotti*, 529 F.2d 149, 156 (2d. Cir. 1975) ("It may generally be conceded that the possibility of prejudice resulting from a variance increases with the number of defendants ***and the number of conspiracies***") (emphasis added).

Further illustrating the prejudice warranting severance under Rule 14(a) is the different but similar standards of proof with respect to the elements required to prove sex trafficking of a minor and those required to prove sex trafficking of an adult. These separate instructions are likely to confuse the jury especially when combined with Oren's arguing voluntariness. The risks of prejudice, or verdict on an improper basis, are too great to be ignored.

"[O]ur Government is not one of mere convenience or efficiency. It too has a stake, with every citizen, in his being afforded our historic individual protections, including those surrounding criminal trials." *Kotteakos*, 328 U.S. at 773. These historic individual protections warrant the severance of Oren from his co-defendants. A miscarriage of justice will result if allegations of sexual misconduct with respect to a minor are conflated with allegations of sexual misconduct as to otherwise consenting adults. The allegation of the sexual misconduct with respect to the minor changes the nature of the entire case and will unnecessarily inflame the jury as to Oren, who is charged with no such conduct.

### B. The identity issues arising from Oren's co-defendant being his twin brother further warrant severance[1]

Government actors who have been investigating this case for months have conceded they are unable to distinguish between Oren Alexander and his twin brother, Alon Alexander. *See* DE 37 at 20 (government counsel stating at detention hearing "We're talking about a video where I believe it's Oren Alexander frankly, they're twins, I've never met them but one of these very stone sober

---

[1] Alon adopts these arguments and also moves for severance on this basis.

twins sets up a tripod"); DE:20-2 at 37 (government agent, when presented with a photo of one of the twins, could not identify who it was; testified "[i]t appears to resemble one of the twins"). In light of these severe identity issues, it is hardly reasonable to expect jurors to distinguish between the twin brothers in a manner sufficient to protect their due process and fair trial rights. There is record evidence that even the people investigating the case cannot so distinguish.

The confusion that will result if the cases are tried together will cause prejudice so substantial as to result in a manifest miscarriage of justice; it will also infringe on Oren and Alon's constitutional rights to confront their accusers. *See United States v. Monge*, 2011 WL 1317607, at *2 (D. Ariz. July 14, 2011) ("The Court will grant the Motion to Sever. The sisters are identical twins with very similar names . . . Further, because they are identical, they claim even when a witness interacted with one of them, there is the possibility the witness misidentified which sister was involved in a given incident). There is a substantial possibility that Oren and Alon will present misidentification defenses. Such defenses would be mutually antagonistic if the cases are tried together: impeachment of a witness because she cannot tell the twins apart will only harm the defense of the other twin and is likely to prejudice *both* twins, as jurors will lump them together in precisely the manner the government has. Yet Oren and Alon, individually, must be able to pursue any misidentification defense applicable them. Trying the cases together thus threatens their fundamental rights to confront their accusers. *See id.* at *2 ("Both sisters contend the other sister engaged in the criminal behavior and witnesses misidentified the innocent one"; finding misidentification defense in case involving twins was so prejudicial as to warrant severance).

C. **Defendants request leave of court to move for severance on further grounds once discovery is provided.**

Severance, especially the prejudicial effect thereof, requires an inherently fact-bound

determination. To date, the government has not provided adequate discovery. It has not told the defendants where the charges in the indictment occurred; what is alleged to have happened; and who was alleged to be involved. Defendants thus request leave of court to seek severance on further grounds once adequate discovery has been produced to them. Defendants have filed motions asking this Court to compel the government to produce such discovery. *See, e.g.*, *United States v. Wilson*, 11 F.3d 346, 354 (2d Cir. 1993) (setting for the test for severance in this Circuit based on one defendant's need for the testimony of a co-defendant),

### III. Conclusion

For the foregoing reasons, Oren Alexander asks this Court to grant this motion for severance. Counsel for Alon Alexander has represented that Alon adopts Parts II.B and II.C of this motion.

Respectfully submitted,

| | |
|---|---|
| BLACK SREBNICK | KLUGH WILSON LLC |
| 201 South Biscayne Boulevard, Suite 1300 | 40 NW Third St., PH 1 |
| Miami, Florida 33131 | Miami, Florida 33128 |
| (305) 371-6421 | (305) 536-1191 |
| | |
| HOWARD SREBNICK | /s/ Richard C. Klugh |
| Florida Bar No. 919063 | RICHARD C. KLUGH |
| HSrebnick@RoyBlack.com | Fla. Bar No. 305294 |
| *Counsel for Alon Alexander* | E-mail: rklugh@klughlaw.com |
| | *Counsel for Oren Alexander* |