UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     v.                                                 24-00676-VEC

ALON ALEXANDER, OREN
ALEXANDER, and TAL ALEXANDER,

    Defendants.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION TO SUPPRESS**

Oren Alexander and Alon Alexander, through undersigned counsel, file this omnibus motion to suppress: (1) pretrial identification based on suggestive photo lineup; (2) evidentiary fruits of search warrants issued to Meta and Raya on August 29, 2024; (3) evidentiary fruits of live and historical cell site locator information obtained by warrant; and (4) evidentiary fruits of search warrants issued to defendants' residences. Oren and Alon adopt and incorporate arguments raised in Tal's motion to suppress the Meta warrant and motion to suppress suggestive identification. The defendants request an evidentiary hearing on this motion,[1] and state the following additional grounds in support of this motion:

**I.    Suggestive pretrial identification**

Defendants move to suppress any eyewitness identifications in this case that are unreliable as the product of impermissible suggestiveness due to the photobook procedure used by the government. Government actors who have been investigating for months have conceded they are unable to distinguish between Oren and Alon. *See* DE 37 at 20 (government counsel stating at detention hearing "We're talking about a video where I believe it's Oren Alexander    frankly, they're

---

[1] Warrant applications and warrants are attached to a Declaration of Counsel that will be contemporaneously filed in support of defendants' motion to suppress.

twins, I've never met them    but one of these very stone sober twins sets up a tripod"); DE:20-2 at 37 (agent presented by government detention hearing, when presented with a photo of one of the twins, could not identify who it was; testified "[i]t appears to resemble one of the twins").

This makes the substantial likelihood of irreparable misidentification that much higher, and the need for reliable eyewitness identification in court that much more significant. The suggestiveness in handing witnesses a show-up photobook containing both brothers was unnecessarily suggestive in light of the similarities between the two brothers.

On the basis of the authorities cited in the related motion filed by Tal Alexander and based on the totality of the circumstances in this case, there is a need for an evidentiary hearing to determine the extent of the suggestiveness and its impact on the present memory and testimony of the witness. The circumstances in this case give rise to a substantial likelihood of irreparable misidentification, due to many factors including but not limited to the twins' resemblance and their placement in the photobooks, the presence of plaintiff witnesses' attorneys at the FBI interviews during the photobook process, and the other factors referenced in the motion filed by Tal Alexander.

## II. Evidentiary fruits of the Meta and Raya searches must be suppressed.

Defendants adopt and incorporate arguments raised in their motion to suppress the iCloud warrant, the first warrant in this case. The allegations of the iCloud warrant application, which as the defendants have explained were premised on mistaken, misleading, and materially incomplete recitations, formed the principal basis for the government's application seeking the Meta and Raya warrants which were issued on Aug. 29, 2024.

These warrants mimicked the facially-defective, overbroad iCloud warrants, but included a new subject offense of obstruction of justice under 18 U.S.C. § 1591(d), as to which the agent

claimed probable cause to search. The affidavit, by ▮▮▮▮▮▮ made no discernable attempt to explain why there was probable cause as to such offense, warranting suppression. To the extent that the claim of obstruction rested on the review of privileged material, and given that no other basis for probable cause was stated, suppression is mandatory. The defendants have separately filed a motion requesting an evidentiary hearing to determine the extent of the impermissible review of privileged material.

Among the most significant of the additional material misstatements or omissions in the warrant applications is

This false claim arose from a complete failure to investigate or speak with this supposed victim, who has never actually made that claim and who continued unabated with her ongoing social relationship with the Alexanders before and after the hypothetical, multiple-partner event.

The double impact of the lie is that it also undermines the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ Any investigation would have disproved it. It shows an organized effort to fail to test uncorroborated hearsay allegations ▮▮▮▮▮▮▮▮▮▮

The Meta and Raya warrants followed the iCloud warrant's issuance; and the government seized privileged material in executing that iCloud warrant; defendants have described this violation in a separate request for an evidentiary hearing. This suggests that the additional allegations in the Meta and Raya warrants could have resulted from the government's violation of the attorney-client privilege, *see* iCloud Motion to Suppress; Motion for a Hearing Regarding Privilege Violation. A hearing to determine the extent this warrant relied on improperly seized privileged material is

critical. The warrant did not establish probable cause to view the messages of anyone either gentleman ever spoke to on a dating app or on Facebook or Instagram. The searches were unconstitutional and their fruits must be suppressed.

### III. Location data

Although there is no showing that the government intends to use evidence of location data at trial, and may only have used it to further it facially-defective warrant practice, the false claim that there was a need for cell site locator information throughout 2024 contributes to the showing of bad faith.

### IV. Searches of Houses

Improper privilege violation, compounded by the fruits of the prior illegal search warrants, were employed to pursue searches for evidence of obstruction for which probable cause was lacking. The execution of the house warrants exceeded the permissible scope and suffered from the prior *Franks* violation.

### Conclusion

WHEREFORE, Defendants Oren and Alon Alexander request that the Court grant their motion to suppress and grant their request for an evidentiary hearing on the motion.

Respectfully submitted,

BLACK SREBNICK
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
(305) 371-6421

/s/ Howard Srebnick
HOWARD SREBNICK
Florida Bar No. 919063
HSrebnick@RoyBlack.com
*Counsel for Alon Alexander*

KLUGH WILSON LLC
40 NW Third St., PH 1
Miami, Florida 33128
(305) 536-1191

/s/ Richard C. Klugh
RICHARD C. KLUGH
Fla. Bar No. 305294
E-mail: rklugh@klughlaw.com
*Counsel for Oren Alexander*