# DECLARATION OF RICHARD C. KLUGH

I, Richard C. Klugh, declare as follows:

1. I have been employed as a criminal defense attorney for approximately 40 years. I am licensed and in good standing to practice law in the State of Florida. I am a member of the Bar of more than a dozen federal courts, and I am admitted *pro hac vice* in the United States District Court for the Southern District of New York.

2. Attached to this declaration are warrant applications and warrants that are the subject of a motion, docket entry 107, filed in this case seeking suppression of evidence seized pursuant to those warrants. Exhibit A consists of warrant documents for the search of Raya data. Exhibit B consists of warrant documents for CSLI data. Exhibit C consists of warrant documents pertaining to search of Oren Alexander's residence. Exhibit D consists of warrant documents pertaining to Alon Alexander's residence.

3. The information contained in this declaration is based on my personal knowledge; my review of the discovery in this case; my conversations with various witnesses; and my review of open-source material. Alon Alexander's iCloud was created in October 2011; Oren's iCloud was created in January 2012; and Tal's iCloud was created in March 2012. Apple released iCloud in June 2011.

4. I am aware from my review of material that was temporarily provided in connection with Alon Alexander's detention hearing that V█████ █████ dentified Alon and Tal Alexander through a photobook process that I would describe as a show-up. The photobook included only pictures of people under investigation. I am aware from my review of ████████ ████████████████████████████ that this individual is represented by plaintiffs' counsel ███████████ ████████████████ y co-counsel share this recollection. The government's refusal to provide essential *Brady* material to which my clients are constitutionally entitled prevents me from further confirming ████████████.

5. The individuals ████████████████████████████████████████████████████████████████████████████████. Other individuals referenced in the search warrant are represented by other plaintiffs' attorneys and are seeking financial compensation for their claims.

6. The individual ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has previously filed a frivolous lawsuit alleging sexual misconduct against another wealthy individual; and that she and her attorney were sanctioned for such frivolous and abusive conduct. A state appeals court described her as having made "baseless claims alleging false imprisonment and intentional inflection of emotional distress," and found "the conduct of plaintiff and her attorney undertaken primarily to harass or injure defendant." *Cecora v. De La Hoya*, 106 A.D. 3d 565 (N.Y. App. 2013) (affirming dismissal of complaint alleging assault, battery, false imprisonment, and intentional infliction of emotional distress).

7. Tal Alexander was married in 2023. Alon Alexander was married in 2020. Oren Alexander was married in 2023.

8. The individual ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ texted Oren Alexander the day after the night she was allegedly raped to invite him on a date with her to a New York Knickerbockers basketball game. She texted him two weeks after the alleged rape to see if he wanted to meet up with her and her girlfriend. She texted him three weeks after the alleged rape to see if he was in Miami. She texted him 12 weeks after the alleged rape to invite him to an event hosted by her parents.

9. The only allegation in the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10. I am aware from my conversations with the defendants and counsel who represented them prior to the Aug. 16, 2024, application for the iCloud warrant that a folder in Alon's iCloud account titled "The Case" was created in summer of 2024 in consultation with retained civil counsel and in connection with a defense investigation to respond to various civil lawsuits, and anticipated lawsuits and related civil filings or evidence. On July 8, 2024, the Wall Street Journal had published an article titled "FBI Probing Rape Allegations against Star Real Estate Brokers," which indicated that the FBI was investigating Alon, Oren, and Tal for rape and sexual assault. The preparation of the defense included retaining an investigator. The preparation of the defense also included gathering evidence related to claimants and potential future claimants. Counsel working to defend against the actions was given a direct link to access the folder, which was the folder's principal purpose, and Alon continued to upload the folder on behalf of him and his brothers throughout the

summer, thereby directly sharing with counsel the information in the folder on an attorney-client privileged basis.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true an correct.

Executed on June 16, 2025.          /s/Richard C. Klugh
                                     Richard C. Klugh