

HOWARD SREBNICK, *Partner*
Office: 305.371.6421
Mobile: 305.608.2600
hsrebnick@royblack.com

August 4, 2025

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Alexander*, et al., No. 24-cr-00676 (VEC)
    Motion to Quash Subpoena / Request for Hearing

Dear Judge Caproni:

  Alon, Oren and Tal Alexander ("the Alexander brothers") jointly move the Court to quash pending grand jury subpoenas or, as a preliminary step, conduct a hearing to evaluate whether to quash grand jury subpoenas and require instead that the government proceed under Rule 17, Fed. R. Crim. P., and satisfy the requirements established in *United States v. Nixon*, 418 U.S. 683 (1974).

## BACKGROUND

  The Alexander brothers were arrested and pretrial detained in December 2024. They were arraigned on February 7, 2025 on the first superseding indictment, at which time the government told the Court:

August 4, 2025
Page 2
_____

> We do intend to bring a superseding indictment in this case charging multiple counts as to additional statutory victims. It also may impact the time period of the charged conspiracy. We are continuing to investigate. We have now at this point in time interviewed over 60 victims who have reported being raped by at least one or sexually assaulted by at least one of the Alexander brothers. We're continuing to assess which of those victims support the standalone statutory charge, which are evidence of the conspiracy. It is our goal to avoid going to the grand jury again and again, and so we're attempting to consolidate and go in a timely manner, but we also intend to move efficiently because we have no interest in delaying this process unduly. So depending on when the trial is scheduled, we will ensure we put in any superseders well in advance.

Transcript, ECF#54 at 16-17. The Court asked the government, "When does the government anticipate being able to identify for the defense who you anticipate to be the victims that are sort of subjects of particular criminal charges?" The government responded:

> MS. ESPINOSA: You mean, your Honor, when would we be in a position to supersede and, therefore, have the universe of additional statutory victims?
> THE COURT: Right.
> MS. ESPINOSA: So, we would, I think we will need at least *another month or two*, but we are certainly willing to work efficiently on that with your Honor, because we have a number identified now. But given that we are continuing to identify more, we were planning to essentially time our superseding schedule off a trial date to ensure that it was adequately in advance of any trial. So a fall trial, I think that in *a month or two, potentially three*, at the outset – outside, we would be in a position to do so. That said, your Honor, we are continuing

**BlackSrebnick**
CIVIL | CRIMINAL

> to hear from additional victims, to identify additional victims. I certainly wouldn't want to foreclose having – if we identify an additional statutory victim in the summer, there may be other issues that impact whether that is included at any trial. But we certainly are not committing that we would not bring additional counts on that basis.

ECF#54:19-20 (emphasis added).

On May 8, 2025, the government filed a second superseding indictment. ECF#60. On June 10, 2025, the government filed a third superseding indictment (which, according to the docket, was originally filed under seal on May 8, 2025). ECF#86. Trial is scheduled to begin January 5, 2026.

Even after three superseding indictments, the government continues to use grand jury subpoenas to compel third parties to produce records for the government's review pretrial. For example, on March 11, 2025, the government issued a grand jury subpoena to a company (hereinafter referred to as "the Company" to avoid unnecessary disclosure of its identity) requesting records related to the Alexander brothers. Undersigned are informed that the Company is in the process of gathering / producing non-privileged documents to comply with the grand jury subpoena, which is as broad as one can imagine, for "the time period January 1, 2004 to the present," including:

> 1. All account statements for corporate credit cards or other lines of credit issued to or used by [name(s) of Alexander brother].
>
> 2. All documents related to [the Company's] financial policies, including but not limited to, the use of corporate and/or

August 4, 2025
Page 4

_____

personal credit cards by employees and contractors, invoices, reimbursement for business expenses, and wire transfers.

3. All documents related to [the Company's] data, document, and electronic device retention policies.

4. Without time limitation, all documents related to allegations or complaints of drug use, sexual harassment or misconduct, and/or threats, intimidation, or physical violence by [name(s) of Alexander brother]. This request includes but is not limited to:

>a. All documents relating to allegations or complaints received or known to [the Company], including those made by other employees, contractors, or staff, as well as by any former or current clients or other real estate professionals.
>
>b. All documents relating to investigations by [the Company] human resources staff and/or any outside entity; payments or settlements made to any person in connection with any such allegations or investigations; and any efforts made to prevent any person from reporting any such allegations to law enforcement.

5. All documents related to travel booked or paid for by [the Company] for [name(s) of Alexander brother], and/or any individual traveling with [name(s) of Alexander brother], including but not limited to:

>a. Itineraries;
>
>b. Identification documents for travelers;
>
>c. Travel agents;
>
>d. Flight records;
>
>e. Flight manifests; and



August 4, 2025
Page 5
_____

    f. Hotel records.

6. Any and all communications between [the Alexander brothers].

7. Without time limitation, the complete contents of the email account [email account address redacted].

8. Without time limitation, all mobile electronic devices issued to or used by [name(s) of Alexander brother].

In addition to the subpoena directed to the Company, the most recent productions of discovery include video recordings obtained from a different entity. Undersigned are also informed that, since the June 10, 2025, arraignment, one or more grand jury subpoenas have been served on individuals who appear to be potential witnesses for the January 2026 trial.

The government has had six months since the arrests and detentions of the Alexander brothers to decide on the charges that will be adjudicated at trial. Although the government told the Court in February that "in a month or two, potentially three, at the outset -- outside," the government "would be in a position … to supersede and, therefore, have the universe of additional statutory victims," as of today, the government has still declined to identify for the Alexander brothers "the statutory victims" in the third superseding indictment. Meanwhile, the government continues to use the grand jury subpoena power in advance of the January 2026 trial, rather than proceeding under Rule 17, Fed. R. Crim. P., which, the Alexander brothers submit, gives the government an unfair advantage in preparing for trial. And to the extent that the government continues superseding the indictment "again and again," ECF#54 at 16, the Alexander brothers are concerned that they will not have sufficient time to investigate the accusations and adequately prepare for trial.



August 4, 2025
Page 6

_____

## ARGUMENT

The law is settled that the government cannot use a grand jury subpoena to compel pretrial production of documents or to compel prospective trial witnesses to reveal their expected testimony before the trial begins. *See In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Simels),* 767 F.2d 26, 29 (2d Cir. 1985) ("The law is settled in this circuit and elsewhere that '[i]t is improper to utilize a Grand Jury for the sole or dominating purpose of preparing an already pending indictment for trial….'"). As the Justice Department Manual states:

> **9-11.120 - Powers of a Grand Jury Limited by Its Function**
>
> The grand jury's power, although expansive, is limited by its function toward possible return of an indictment. *Costello v. United States*, 350 U.S. 359, 362 (1956). Accordingly, the grand jury cannot be used solely to obtain additional evidence against a defendant who has already been indicted. *United States v. Woods*, 544 F.2d 242, 250 (6th Cir. 1976), *cert. denied sub nom.*, *Hurt v. United States*, 429 U.S. 1062 (1977). Nor can the grand jury be used solely for pre-trial discovery or trial preparation. *United States v. Star*, 470 F.2d 1214 (9th Cir. 1972). After indictment, the grand jury may be used if its investigation is related to a superseding indictment of additional defendants or additional crimes by an indicted defendant. *In re Grand Jury Subpoena Duces Tecum, Dated January 2, 1985*, 767 F.2d 26, 29-30 (2d Cir. 1985); *In re Grand Jury Proceedings*, 586 F.2d 724 (9th Cir. 1978).

https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.120.



August 4, 2025
Page 7

_____

If the government seeks records from [the Company] for the January 2026 trial, the government should proceed by way of a trial subpoena under the stricter standards of Fed. R. Crim. P. 17 and satisfy the *Nixon* test of relevance, admissibility, and specificity. *See United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

After all, Rule 17 subpoenas are not discovery devices or investigatory tools. *See, e.g., United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device") (internal citation omitted). In *Nixon*, the Supreme Court stated explicitly that one of the "fundamental characteristics of the subpoena duces tecum in criminal cases" is that "it was not intended to provide a means of discovery." *Nixon*, 418 U.S. at 698; *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951) (invalidating a Rule 17(c) subpoena because it was "not intended to produce evidentiary material but [was] merely a fishing expedition to see what may turn up").

> A grand jury subpoena is thus much different from a subpoena issued in the context of a prospective criminal trial … In *Nixon,* [the] Court defined what is reasonable in the context of a jury trial… [The Court] determined that, in order to require production of information prior to trial, a party must make a reasonably specific request for information that would be both relevant and admissible at trial…the *Nixon* standard does not apply in the context of grand jury proceedings. In the grand jury context, the decision as to what offense will be charged is routinely not made until after the grand jury has concluded its investigation. One simply cannot know in advance whether information sought during the investigation will be relevant and admissible in a prosecution for a particular offense.



August 4, 2025
Page 8

_____

*United States v. R. Enterprises*, 498 U.S. 292, 297, 299-300 (1991).

The proponent of a Rule 17 trial subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity" of the requested materials. *Nixon*, 418 U.S. at 699–700 (1974); *see also United States v. Silverman,* 745 F.2d 1386, 1387 (11th Cir. 1984) (rule only reaches "specifically identified documents that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith"). As to relevancy, there must be a "sufficient likelihood" that the subpoenaed records are "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 699-700 (internal citation omitted). There must also be a "sufficient preliminary showing" that the subpoenaed material "contains evidence admissible with respect to the offenses charged in the indictment." *Id.* at 701. Moreover, the party seeking the subpoenaed documents shoulders the burden of identifying the material it expects to obtain with appropriate specificity. *See, e.g., United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the [subpoenaing party] cannot reasonably specify the information contained or believed to be contained in the documents sought, but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.").

In this case, the subpoena directed to the Company does not come close to meeting the Rule 17 standard. *See, e.g., United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992) (subpoena properly quashed when defendant attempted to use subpoena to gain knowledge that he could not obtain under Rule 16); *United States v. Brooks*, 966 F.2d 1500, 1505 (D.C. Cir. 1992) (quashing subpoena where defendant was "improperly trying to use subpoena as a discovery tool"); *United States v. Layton*, 90 F.R.D. 514, 516

**BlackSrebnick**
CIVIL | CRIMINAL

August 4, 2025
Page 9

_____

(N.D. Cal. 1981) ("A mere hope that a document, if produced, might contain evidence favorable to this case is not sufficient."). It is effectively an "any and all" request for everything in [the Company's] possession related to [an Alexander brother] for a period of twenty years, including "[a]ny and all" communications between the Alexander brothers. It does not tie the request to any specific allegation, or to any of the seven (unnamed) accusers referenced, in the pending indictment.

Furthermore, under Rule 17, a trial subpoena must be tied to a trial or relevant court hearing. Fed. R. Crim. P. 17(a); *United States v. Noriega*, 764 F. Supp. 1480 (S.D. Fla. 1991). Although the rule allows for production of subpoenaed documents in advance of a trial, a party seeking early production must first obtain leave of court, and even then, the rule requires that the documents be produced to the court, not counsel. Fed. R. Crim. P. 17(c)(1).

In response to undersigned's email asking that the government withdraw the subpoena to the Company and proceed by way of a trial subpoena under Rule 17 and satisfy the *Nixon* test of relevance, admissibility, and specificity, government counsel advised:

> the subpoena was served on [the Company] and we are in communication with counsel for [the Company]. The subpoena has not been withdrawn. As we have stated previously to you and on the record, the Government's investigation into the defendants' crimes remains ongoing.

Accordingly, the Alexander brothers move to quash the grand jury subpoenas issued and require that the government heretofore proceed under Rule 17; at a minimum, the Alexander brothers request that the Court

**BlackSrebnick**
CIVIL | CRIMINAL

August 4, 2025
Page 10
_____

conduct a hearing to determine whether the grand jury subpoenas should be quashed.

                              Respectfully submitted,

| /s Howard Srebnick | /s Richard Klugh | /s Milton Williams, Jr. |
|---|---|---|
| **Howard Srebnick** | **Richard Klugh** | **Milton Williams, Jr.** |
| **Jason Goldman** | for Oren Alexander | **Deanna Paul** |
| for Alon Alexander |  | **Alexander Kahn** |
|  |  | for Tal Alexan |

