# DECLARATION OF RICHARD C. KLUGH

I, Richard C. Klugh, declare as follows:

1. I have worked as a criminal defense attorney for more than 40 years. I have reviewed scores of photo and physical lineups in connection with this work. I have also attended trainings on evaluating the suggestiveness of photographic and other line-up and show-up procedures. I have appeared at hundreds of arraignments.

## *PHOTOBOOKS*

2. I have not previously seen prosecutorial use of a lineup resembling the photo lineups used in this case, which appear to have been designed to focus witnesses on one or more of the Alexander brothers. Elements of these photobooks that are uniquely suggestive include having multiple pictures of Alexander brothers in the book; and having a group picture of just the Alexander brothers in the book, with no group pictures of anyone else:



3. Further focusing the viewers on the Alexander brothers is the dissimilarity of other persons, who are distinguished by features that make them particularly unsuitable for such a photo spread, including: beards; piercings; long hair; blonde hair; curly hair; persons who appear to be minors; persons who appear to be septuagenarians; persons of distinct ethnic backgrounds. Taken together, these uniquely suggestive facts are equivalent to drawing arrows to the faces of the alleged conspirators shown in their group photo, and indicate no attempt to provide an array of persons matching an overall physical description given by alleged victims.

3. A stark example is the inclusion as a comparator of a gentleman with shoulder-length golden curls, as if to tell the viewer that the inclusion of non-Alexander photos for the lineup is not serious:



4. My conclusion is bolstered by the government's revelation on August 7, 2025, that, even with all of that, there were misidentifications that were corrected after further intervention, and it remains unclear to what extent accuser attorneys were present to aid in those asserted corrections. Taken together, the core premises of the procedure employed was suggestiveness.

5. Below are pictures of other individuals who appeared in the photobooks, which were shown at least to four people identified as victims in the indictment and at least five people identified as victims in the search warrants, and potentially to other people unknown to the defense at this time. This includes a photo of ███████████████████, and photos of other people connected to the Alexanders, further highlighting the suggestiveness of the procedure:



6. To my reading, the government's response, in describing the procedure used, suggests an identification process more closely resembling a "show-up" than a lineup. My review of the

2

photobooks confirms that this interpretation of what occurred is correct.

7. Based on my review of the photobooks, the government's representation that the books "consisted mostly of young, white men with short and medium-length brown hair," DE:121 at 92 (109 in PDF), is inaccurate.

8. I have reviewed information provided in discovery, which reveals that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9. I have also reviewed information in discovery that reveals that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10. I am also familiar with a sworn statement that one of the alleged victims in the related Florida state case gave to law enforcement. During this statement, she identified one twin in relation to a particular event, and her attorney jumped in to change her accusation.

11. The discovery related to these misidentifications was produced on August 7, 2025. The set of 14 photobooks was produced on April 10, 2025. The defense requested on April 11, 2025, correlating statements and context surrounding the photobooks. The email request noted that this was time-sensitive due to the motions deadline.

*ARRAIGNMENT*

12. I was present for the arraignment on the so-called "S3" Indictment, and I have reviewed the transcript from that proceeding. In my view, the transcript demonstrates the confusion with which the defendants proceeded, including where counsel for only one of the defendants noted an intent to plead, and no reference to, or explanation at all of, was offered for the stalking-horse indictment for which the arraignment was set.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

      Executed on August 18, 2025

                                        /s/ Richard C. Klugh
                                        Richard C. Klugh