UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

           -against-

ALON ALEXANDER, OREN ALEXANDER, and
TAL ALEXANDER,

                        Defendants.

-----------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:__11/18/2025__ |

24-CR-676 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 7, 2025, Defendants filed a supplemental letter in support of their motion to suppress in-court identifications ("Supplemental Letter"), *see* Dkt. 179, and seven accompanying exhibits, *see* Dkts. 179-1, 179-2, 179-3, 179-4, 179-5, 179-6, and 179-7;

WHEREAS the Supplemental Letter included redactions;

WHEREAS the exhibits to the Supplemental Letter were submitted under seal for *in camera* review;

WHEREAS on November 7, 2025, Defendants submitted a letter motion requesting that the Supplemental Letter be filed with redactions as proposed, and that the exhibits remain under seal, *see* Dkt. 180;

WHEREAS on November 10, 2025, the Court denied Defendants' request for the Supplemental Letter to be filed with redactions as proposed and directed the parties to meet and confer regarding narrower redactions to the Supplemental Letter and exhibits and submit amended redactions to each by November 14, 2025, *see* Dkt. 181;

WHEREAS on November 14, 2025, Defendants re-submitted the Supplemental Letter with amended redactions ("Amended Supplemental Letter"), *see* Dkt. 185;

WHEREAS on November 14, 2025, the parties jointly submitted a letter motion requesting that the Amended Supplemental Letter be filed with redactions as proposed, and that the exhibits filed with the Supplemental Letter remain under seal, *see* Dkt. 186; and

WHEREAS on November 14, 2025, the Court received the attached communication from Matthew Russell Lee of Inner City Press opposing Defendants' request to file the exhibits under seal;

IT IS HEREBY ORDERED that the parties' request to file the Amended Supplemental Letter with redactions is GRANTED.

IT IS FURTHER ORDERED that the parties' request to maintain under seal the exhibits filed with the Supplemental Letter is GRANTED.

The materials to be filed in redacted form and under seal are "judicial documents" to which the common law right of public access attaches. *United States v. Akhavan*, 532 F. Supp. 3d 181, 184 (S.D.N.Y. 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). As the Court previously explained, *see* Dkt. 181 at 2, certain limited redactions may be warranted to protect the identity of alleged victims and government witnesses. Aspects of a filing that may identify a *specific* individual justify sealing. *Id.* The Amended Supplemental Letter redacts only the material that may plausibly enable the broader public to identify specific victims, and the interests in protecting the privacy of alleged victims and witnesses outweighs any presumption of public access. As such, the narrowly tailored redactions in the Amended Supplemental Letter are appropriate.

As for the seven exhibits filed with the Supplemental Letter, the Court agrees that these should be maintained fully under seal. "[T]he weight of the presumption" of public access is low "where . . . documents play only a negligible role in the performance of Article III duties." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Such was the case here: The parties are correct that, in denying Defendants' motion for a *Wade* hearing, the Court did not rely

on the exhibits to the Supplemental Letter, which were only loosely needed to advance

Defendants' arguments. *See* Dkt. 186, at 2 n.1.  Furthermore, discussion of the pertinent aspects

of the exhibits can be found in the body of Amended Supplemental Letter itself and thus, for all

relevant purposes, the exhibits are already substantively available for public review.  This

militates in favor of maintaining the exhibits under seal.  *See In re Accent Delight Int'l Ltd.*, No.

16-MC-00125 (JMF), 2018 WL 2849724, at \*6 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x

247 (2d Cir. 2019).  Mr. Lee's request to unseal the exhibits is DENIED.

The Amended Supplemental Letter submitted at Dkt. 185 is the operative public version.

The exhibits at Dkts. 179-1, 179-2, 179-3, 179-4, 179-5, 179-6, and 179-7 will remain under

seal.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 186.

**SO ORDERED.**

Date:  **November 18, 2025**                                         _____
         **New York, NY**                                                      **VALERIE CAPRONI**
                                                                                    **United States District Judge**

# Inner City Press

November 14, 2025

By E-mail to Chambers

Hon. Valerie E. Caproni, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: Renewed Press application to unseal exhibits to motion to suppress supplement in US v. Alexander, et al., 24-cr-676 (VEC)

Dear Judge Caproni:

   Inner City Press has been covering the above captioned criminal case since its indictment in 2024 and has been troubled by the overbroad extent of sealing and redaction.

   Its November 7 letter in this regarded was docketed by the Court on November 10, along with an order that "as proposed, Defendant's redactions to the Supplemental Letter **and exhibits** are overbroad." Dkt. 181, emphasis added.

   An hour ago defense counsel filed a less redacted supplemental letter in support of a motion to suppress - but none of the exhibits. Compare Dkt. 185 (no exhibits) to Dkt. 179 (seven exhibits). As of today, all seven exhibits thus remain sealed.

   As Your Honor said at the November 6, 2025 conference, the public and press have a right to know the basis for the Court's decision - which is impossible when the entirety of the argument made is redacted.

   Inner City Press hereby opposes the sealing in full of the exhibits and asks that they be released, and/or that it have an opportunity to be heard on the scope of secrecy.

   Please act on, and docket, this request, as soon as possible. Thank you.

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc: Mwilliams@wmhwlaw.com, marc@agilawgroup.com,
HSrebnick@royblack.com, Andrew.Jones2@usdoj.gov,
elizabeth.espinosa@usdoj.gov

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017