UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALON ALEXANDER,<br>OREN ALEXANDER, and<br>TAL ALEXANDER,<br><br>                Defendants. | **SUPERSEDING INDICTMENT**<br><br>S4 24 Cr. 676 (VEC) |

**COUNT ONE**
**(Conspiracy to Commit Sex Trafficking)**

The Grand Jury charges:

**OVERVIEW**

1.      For well over a decade and at all times relevant to this Indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER (collectively, the "ALEXANDER BROTHERS"), the defendants, worked together and with others known and unknown, to repeatedly and violently drug, sexually assault, and rape dozens of female victims. At times, the ALEXANDER BROTHERS arranged for these sexual assaults well in advance, using the promise of luxury experiences, travel, and accommodations to lure and entice female victims to locations where they were then forcibly raped or sexually assaulted, sometimes by multiple men, including one or more of the ALEXANDER BROTHERS. Other times, the ALEXANDER BROTHERS encountered and chose their victims by chance. Often, the ALEXANDER BROTHERS drugged their victims before assaulting them, preventing them from fighting back or escaping.

2.  ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, worked together and with others to carry out and facilitate their sex trafficking scheme, including on some occasions by committing forcible rapes and sexual assaults together and with others, jointly arranging domestic and international travel and accommodations, and jointly financing the scheme.

## BACKGROUND

3.  ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, are brothers. ALON ALEXANDER and OREN ALEXANDER are twins and TAL ALEXANDER is approximately one year older. At all times relevant to this Indictment, OREN ALEXANDER and TAL ALEXANDER were real estate agents who focused on ultra-luxury markets in New York City, Miami, Florida, and other locations. Starting in at least in or about 2012, ALON ALEXANDER was an executive of a private security firm owned and operated by his family.

4.  Starting in at least in or about 2008, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, operated a long-running sex trafficking scheme, as part of which they raped and sexually assaulted female victims to whom they had provided material benefits, including domestic and international travel to vacation destinations, luxury accommodations at high-end hotels and vacation properties, and access to other luxury experiences and events. The ALEXANDER BROTHERS' scheme was based in, among other places, Manhattan, New York and Miami, Florida, where the defendants maintained residences and where their businesses were based.

5.  To carry out and facilitate their sex trafficking scheme, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, used deception, fraud, and

coercion, to cause victims to travel with them or meet them in private locations. Thereafter, the ALEXANDER BROTHERS used various methods, including drugging the victims and, at times, physical force, to rape and sexually assault the victims—sometimes alone and sometimes together. In particular, the defendants used the following means and methods, among others, to carry out their sex trafficking scheme:

      a.      The ALEXANDER BROTHERS used their wealth and positions to create and facilitate opportunities to rape and sexually assault female victims. In particular, on multiple occasions, OREN ALEXANDER and TAL ALEXANDER used their prominent positions in the real estate industry to induce other women and girls to attend events and parties, and to meet other female victims at those events and parties, whom one or more of the defendants later sexually assaulted.

      b.      The ALEXANDER BROTHERS worked together and with other men to arrange events and domestic and international trips they used as bait to recruit, entice, harbor, transport, and maintain multiple female victims. During the events and trips, the defendants frequently raped and sexually assaulted the female victims they enticed to attend.

      c.      At times, the ALEXANDER BROTHERS used social connections or the guise of starting a relationship to lure and entice female victims to meet with one or more of them at a public place or group event, or to travel to meet one or more of the defendants. On multiple occasions, the defendants—alone or together—then sexually assaulted the female victims, sometimes within hours of their meeting. Immediately following the sexual assaults, the defendants sometimes offered the victims material items, including travel, concert tickets, and other luxury experiences.

   d. Some trips and events were organized by the ALEXANDER BROTHERS well in advance and involved domestic and international travel. The ALEXANDER BROTHERS worked together and with others to recruit women and girls to attend these events and trips. The defendants, at times with others, shared photographs of women and girls to select those they found sufficiently attractive to invite. The defendants and other men organizing the trip then contacted the women and girls, including through social media or dating applications, and induced the women and girls to attend by, among other things, offering to purchase their flights, making other travel arrangements, and/or providing accommodations without charge.

   e. In addition to inviting women and girls to their events directly, the ALEXANDER BROTHERS and others worked with party promoters to arrange for women and girls to attend events or travel with them, in order to ensure that there were a sufficient number of women and girls present.

   f. On some occasions, after the women and girls accepted the invitations to attend a particular event, the ALEXANDER BROTHERS transported women and girls and caused women and girls to be transported across state and international lines. The defendants and other men attending the trips pooled financial resources in order to pay for flights and other travel expenses for the women and girls.

   g. In advance of the events, the ALEXANDER BROTHERS and others procured drugs that they agreed to provide to the women and girls, including, among other things, cocaine, mushrooms, GHB, Ambien, Xanax, Quaaludes, and MDMA. On multiple occasions during these events and trips, the ALEXANDER BROTHERS and others surreptitiously drugged female victims' drinks. Some of the victims experienced symptoms of impaired physical and

mental capacity, including limitations of movement and speech and incomplete memories of events.

        h.     The ALEXANDER BROTHERS, sometimes acting alone, sometimes with each other, and sometimes with other men, forcibly raped or sexually assaulted their victims. At times, the defendants physically restrained and held down their victims during the rapes and sexual assaults and ignored screams and explicit requests to stop.

    6.     The agreement between ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, encompassed numerous other acts of sexual violence in addition to sexual assaults during planned trips and events. On numerous occasions, the ALEXANDER BROTHERS drugged and raped or sexually assaulted female victims they encountered by chance, including women they met at bars and nightclubs, social events, and on dating applications. The ALEXANDER BROTHERS similarly carried out these rapes and sexual assaults by, among other things, drugging and incapacitating victims, taking victims to isolated locations, physically restraining victims while raping and sexually assaulting them alone, together, and with other men, and ignoring victims' explicit demands to stop.

## STATUTORY ALLEGATIONS

    7.     From at least in or about 2008, up to and including at least in or about 2021, in the Southern District of New York and elsewhere, in and affecting interstate and foreign commerce, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, knowingly agreed to combine, conspire, confederate and agree to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means, persons, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section

1591(e)(2), and any combination of such means, would be used to cause the persons to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(2).

(Title 18, United States Code, Section 1594(c).)

## COUNT TWO
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-1)

The Grand Jury further charges:

8. In or about May 2011, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted, and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-1, and caused Victim-1 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that Victim-1 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT THREE
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-2)

The Grand Jury further charges:

9. In or about September 2016, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted and willfully caused the same, to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited, and aided and abetted and willfully caused the recruitment, enticement, harboring, transportation, obtaining, maintaining, patronizing, and soliciting of, Victim-2, and caused Victim-2 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that Victim-2 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT FOUR
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Victim-2)

The Grand Jury further charges:

10. In or about September 2016, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the

7

defendants, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted, aided and abetted, and willfully caused the same, to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, persuaded, induced, and enticed Victim-2 to travel from Illinois to New York, so ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER could engage and attempt to engage in unlawful sexual activity with Victim-2, in violation of New York Penal Law Sections 130.35, 130.30, 130.25, 130.20, and 130.52.

(Title 18, United States Code, Sections 2422(a) and 2.)

### COUNT FIVE
### (Sex Trafficking of a Minor)
### (Minor Victim-3)

The Grand Jury further charges:

11. In or about May 2009, in the Southern District of New York and elsewhere, ALON ALEXANDER and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means a person, knowing and in reckless disregard of the fact and having had reasonable opportunity to observe the person, that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, ALON ALEXANDER and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted, and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Minor Victim-3, and knowing and in reckless disregard of the fact and having had a reasonable opportunity to

observe Minor Victim-3, that Minor Victim-3 had not yet attained the age of 18 years, and would be caused to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a) and (b)(2) and (2).)

## COUNT SIX
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-4)

The Grand Jury further charges:

12. In or about June 2009, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted and willfully caused the same, to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted, and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-4, and caused Victim-4 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that force, threats of force, fraud and coercion would be used to cause Victim-4 to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT SEVEN
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-5)

The Grand Jury further charges:

13. In or about June 2009, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited, and aided and abetted, and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-5, and caused Victim-5 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim-5 to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a), (b)(1), and (2).)

## COUNT EIGHT
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-6)

The Grand Jury further charges:

14. In or about August 2014, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain by any means a

person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted and willfully caused the same, to wit, TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining, of Victim-6, and caused Victim-6 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim-6 to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT NINE
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Victim-6)

The Grand Jury further charges:

15. In or about August 2014, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted, aided and abetted, and willfully caused the same, to wit, TAL ALEXANDER persuaded, induced, and enticed Victim-6 to travel from Nevada to New York, so TAL ALEXANDER could engage and attempt to engage in unlawful sexual activity with Victim-6, in violation of New York Penal Law Sections 130.35, 130.30, 130.25, and 130.20.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT TEN
### (Aggravated Sexual Abuse by Force or Threat or Intoxicant)
### (Victim-7)

The Grand Jury further charges:

16. In or about January 2012, within the special maritime and territorial jurisdiction of the United States, namely, on a foreign vessel during a voyage having a scheduled departure from and arrival in the United States with respect to an offense committed by and against a United States national, ALON ALEXANDER and OREN ALEXANDER, the defendants, at least one of whom was arrested for this offense in the Southern District of New York, (i) by use of force against a person, and (ii) by knowingly administering a drug, intoxicant, or other substance without the knowledge of the person and thereby substantially impaired the ability of the person to appraise and control her conduct, did knowingly cause and attempt to cause the person to engage in a sexual act as defined in Title 18, United States Code, Section 2246(2)(A), to wit, ALON ALEXANDER and OREN ALEXANDER, both United States nationals, after administering a drug, intoxicant, or other substance to Victim-7 without Victim-7's knowledge, used force against Victim-7 to cause Victim-7 to engage in a sexual act while on a Bahamian flagged cruise ship which departed from and arrived in the United States.

(Title 18, United States Code, Sections 2241(a)(1), (b)(2), 3238, 7, and 2.)

## COUNT ELEVEN
### (Sexual Exploitation of a Minor)

The Grand Jury further charges:

17. On or about April 16, 2009, in the Southern District of New York and elsewhere, OREN ALEXANDER, the defendant, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual

12

depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, OREN ALEXANDER recorded himself and another person engaging in sexual activity with a incapacitated 17-year-old girl in Manhattan.

(Title 18, United States Code, Section 2251(a).)

## FORFEITURE ALLEGATIONS

18. As a result of committing the offenses alleged in Counts One, Two, Three, Five, Six, Seven, and Eight of this Indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offenses; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offenses.

19. As a result of committing the offenses alleged in Counts Four and Nine of this Indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section

2428, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offenses; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offenses.

20. As a result of committing the offenses alleged in Count Ten of this Indictment, ALON ALEXANDER and OREN ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offenses and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offenses or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

21. As a result of committing the offense alleged in Count Eleven of this Indictment, OREN ALEXANDER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offense and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offense or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Assets Provision**

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 1594, 2428, and 2253;
Title 21, United States Codes, Section 853; and
Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
JAY CLAYTON  
United States Attorney