# AGNIFILO
# INTRATER

December 4, 2025

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
              24 Cr. 676 (VEC)

Dear Judge Caproni:

      The defense submits this short letter brief in further support of its argument that the Court should preclude the government from eliciting uncharged alleged sexual assaults under Federal Rule of Evidence 403.

      The Court has not yet ruled on which, if any, of the uncharged incidents of alleged sexual assault will be admitted at this trial consistent with Federal Rule of Evidence 403. Having found at last week's hearing that many of these alleged sexual assaults are relevant, though not yet admissible, under Federal Rule of Evidence 413 or as evidence of the charged conspiracy in Count One, this short letter brief, in combination with previous filings, provides the basis for excluding all of these incidents under Rule 403.

      The government is attempting to redefine commercial sex in a way that is at odds with the plain meaning of the term as well as with Second Circuit precedent, including the decision in *United States v. Raniere*, 55 F.4th 354 (2d Cir. 2022), and it is attempting to elicit uncharged alleged sexual assaults as part of its attempt to redefine the statute. As set out more below, the government's theory of sex trafficking is inconsistent with the definition of commercial sex. In an effort to secure a conviction, even without evidence of commercial sex, the government resorts to prejudicing the defendants with unrelated, inflammatory acts that serve no legitimate evidentiary purpose at this trial.

      This letter is in two parts. *First*, we demonstrate how the government's theory of commercial sex is wrong. *Second*, we argue that to divert attention away from its incorrect theory of commercial sex, the government plans to prejudice the jury with unproven, false rape allegations.

      1.   <u>The Government's Proffered Theory Of Commercial Sex Is Wrong</u>

      A commercial sex act is defined by statute as, "any sex act on account of which anything of value is given or received by any person." Section 1591(e)(3). In *Raniere*, the Second Circuit defined the phrase "on account of" in accordance with the Supreme Court's decision in *Rousey v. Jacoway*, 544 U.S. 320, 326 (2005), which held the phrase "on account of" to "require a causal

The Honorable Valerie E. Caproni
December 4, 2025
Page 2 of 5

connection between the term that the phrase 'on account of' modifies and the factor specified in the statute." *Id.* at 326. The *Rousey* decision further stated that "on account of" means "by reason of" or "because of." *Id.* While the Supreme Court's *Rousey* decision was analyzing a bankruptcy provision under Title 11, United States Code, Section 522(d)(10)(E), the Second Circuit interpreted the phrase the same way for sex trafficking involving commercial sex, *see Raniere*, 55 F.4th at 364, and stated explicitly that it was relying on the Supreme Court's definition of "on account of" to give meaning to the same term in the sex trafficking context.

That the definition of commercial sex uses the phrase "on account of," rather than, for instance, the similar phrases "because of" or "in exchange for" is significant – both in general but specifically in light of the government's efforts to alter the connection between value and sex act. The phrase "on account of" connotes direct causation between two things, that one thing directly caused the other. In the case of commercial sex, the phrase requires that the sex act (whatever it may be) must have been directly caused by something of value (whatever it is). That the sex act is defined broadly and is modified only by the word "any" does not diminish the requirement that there be a direct causal relationship between that sex act and the thing of value. Similarly, that the thing of value is also modified only by the word "any," signifying that it too is to be expansively interpreted, likewise does not lessen the requirement connoted by the phrase "on account of" that the thing of value directly caused the sex act.

The key to the Supreme Court's definition of "on account of," as explicitly adopted by the Second Circuit in the *Raniere* case is the direct causal relationship between two things, here the sex and the thing of value. The Supreme Court in *Rousey*, 544 U.S. at 326 devoted a full paragraph to the phrase "on account of," including how the phrase has been interpreted by the Supreme Court in recent years. Significantly, the *Rousey* decision charts its interpretation of the phrase "on account of" to the 1999 Supreme Court decision in *Bank of America Nat. Trust and Sav. Assn v. 203 North LaSalle Street Partnership*, 526 U.S. 434, 450-451 (1999), another bankruptcy decision rendered only one year before Congress passed the Sex Trafficking statute in 2000.

In *Bank of America Nat. Trust*, Justice Souter, delivering the opinion of the Court, cited to four different statutes in the bankruptcy code using the phrase "on account of." The Court noted that while the term "on account of" "harks back to accounting practice and means something like 'in exchange for' or 'in satisfaction,'" the better interpretation is "because of." *Id.* at 452. Six years later, the court in *Rousey* agreed that the phrase means both "because of" and "by reason of." Therefore, the sex act must be because of, or by reason of, the thing of value. That the phrasing "on account of" connotes a close and direct causal relationship between two things is clear from the text of the phrase itself. In addition, that Congress borrowed the term from the bankruptcy statute underscores that the definition of commercial sex is indeed rooted in the terminology of commerce. Had Congress wanted a looser relationship between the thing of value and the sex act, it could have chosen a different connective phrase such as "influenced" or "contemplated." However, Congress chose a term connoting a direct causal relationship: "on account of."

The Honorable Valerie E. Caproni
December 4, 2025
Page 3 of 5

The government's Sex Trafficking theory fundamentally changes the direct causal connection between the sex act and the thing of value explicitly required by both the statute's definition of commercial sex and the *Raniere* court's interpretation of it. The government here has adopted the unprecedented position that the thing of value is offered in exchange for something other than the actual sex act. As the government stated in its Opposition to the Pretrial Motions, "there is no bar to the 'thing of value' on account of which the sex act occurs contributing to a defendant's ability to recruit, entice, harbor, etc the victim." (*See* Government's Memorandum of Law In Opposition To Defendant's Pretrial Motions, p. 14.) The government is wrong because there is a bar to its interpretation of commercial sex. The bar is that the government's description of commercial sex is plainly inconsistent with the definition in the statute. The government seeks to change the meaning of the phrase "on account of" to "one of the things that may contribute to," or "one of the things playing a role in." That is simply not what "on account of" means.

The government's argument seems to be that so long as the thing of value is a link in the chain leading to a sex act, that the definition of commercial sex is met. There has never been a case supporting the government's novel and inaccurate view. The reason there has never been such a case is because the government's interpretation of commercial sex is so far afield of the statutory definition.

Indeed, the government has wholesale created a brand new federal sexual assault offense, one where the federal court has jurisdiction of any rape case if someone offered the purported victim something of value to get her to the place where the rape occurred. While the government argues this is nothing more than their theory of sex trafficking, nothing could be further from the truth. The truth is this is not merely a novel theory; it is an entirely new offense. The way the government intends to convince the jury to convict the defendants of this new, made-up crime is by prejudicing the jury with all manner of other uncharged conduct to distract them from the elements of the offense.

That an actual consummated sex act is not required does not change the statutory analysis or the definition of commercial sex or even the meaning of "on account of." However, the government's theory is not even that the defendants had a scheme or design to cause sex on account of something of value. From its inception, the government is wrong on what the statute requires and what it must prove. Its interpretation is both inconsistent with the text as well as all sex trafficking cases in this Circuit.

The crux of sex trafficking decisions in the Second Circuit and elsewhere is an immediate and direct causal relationship where a sex act was on account of something of value. For instance, in *Raniere*, the government alleged that the defendant operated a multi-level marketing operation as to sex where "first level DOS members" (including defendant Allison Mack) were given things of value, including monetary payments, status, and special privileges in exchange for the DOS member providing sex "slaves" to the defendant. The Court observed that "Mack's receipt of various things of value were causally connected to her assigning her 'slaves' to engage in sexual acts with *Raniere*." *Id.* at 364. In this manner, the *Raniere* case involves sex acts with

The Honorable Valerie E. Caproni
December 4, 2025
Page 4 of 5

"DOS slaves" on account of something of value in the form of payments, status and privileges. As the Court said, there was a clear causal connection between the sex and the value.

In the civil sex trafficking case *Noble v. Weinstein*, 335 F.Supp.3d 504 (S.D.N.Y. 2018), the court found that Harvey Weinstein promised the plaintiff, an aspiring actress, that she would appear in two movie projects in exchange for sex. In light of this "career-making and life-changing" promise, *Id.* at 521, the plaintiff agreed to have sex with the defendant. This court found that Weinstein's promise of being in two movies was causally connected to the agreement by the actress to have sexual contact with him for purposes of commercial sex.

In one of the most recent Second Circuit Sex Trafficking decisions, *Moore v. Rubin*, 2025 U.S. App. LEXIS 30502*; 2025, 2025 WL 3248106 (Nov. 21, 2025), the defendant and the plaintiffs had a traditional prostitution relationship where the plaintiffs were paid for sex (in this case BDSM type) with the defendant. While the defense challenged aspects of the statute, because of the clear prostitution relationship of sex for money, the defense did not challenge the commercial sex component of the statute. This is yet another example of the statute applying to a situation where a person agrees to have sex in exchange for something of value.

2. <u>The Government's Proffered Other Crime Evidence Is Irrelevant To the Core Issues</u>

The government knows its commercial sex theory is on thin ice, that they have no evidence of sex, or attempted sex, on account of, because of, in exchange for, something of value. Even in a light most favorable to the government, its case lacks any semblance of sex on account of something for value. So, the government hopes to inflame the jury into convicting based on irrelevant, prejudicial material.

None of the proffered other crime evidence sheds any light on how the defendants knew, or recklessly disregarded that, force, fraud or coercion would be used to cause someone to engage in a commercial sex act. On the contrary, the government is using the other crime evidence to instill in the jury that the defendants forcibly raped and drugged women. There is no utility to these disputed, false, incendiary allegations to a jury trying to determine whether a person had sex on account of something of value. The government is doing nothing more than prejudicing the jury to show the defendants have bad character and the propensity to commit crime in general.

As the defense noted previously, the Second Circuit has expressed grave skepticism of sexual assault evidence admitted primarily for propensity. Under the particular facts here, specifically that the government has side-stepped the definition of commercial sex and is attempting to secure a conviction based on the defendants' perceived criminal propensity, this Court should not allow this other crimes evidence.

The government has seven purported statutory victims who will testify as to their accounts. Anything more than this is cumulative and unnecessary. Counsel will be prepared to analyze the 403 prejudice as it relates to each 413 and conspiracy alleged victim at tomorrow's conference.

4

The Honorable Valerie E. Caproni
December 4, 2025
Page 5 of 5

    3.   <u>Conclusion</u>

For the reasons set forth here and in prior submissions, the Court should respectfully not allow any of the government's proffered other crimes evidence.

Respectfully submitted,

/s/

Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek
Jason Goldman

*Attorneys for Alon Alexander*

Milton L. Williams
Alexander V. Kahn
Deanna Paul

*Attorneys for Tal Alexander*

cc:    All counsel (via ECF)