

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 6, 2026

**BY EMAIL – UNDER SEAL**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
                *S4 24 Cr. 676 (VEC)*

Dear Judge Caproni:

      The Government submits this letter to respond to the defendants' motion to require the Government to use faceplates of Victim-6 and Victim-14 without visible cross necklaces in the photographs. (Dkt. 280 at 3-4).

      In advance of trial, the Government asked victims who may be called to testify to provide a headshot style photograph that could be used as a faceplate to aid the jury to recall each victim. The Government subsequently produced those faceplates to the defendants with its other exhibits. Two of the 23 victims, Victim-6 and Victim-14, provided photographs in which they are wearing cross necklaces. The defendants ask the Court to order the Government to direct these victims to provide other photographs that do not show their cross necklaces, arguing that the symbol would be unduly prejudicial to the defendants, would "inject religious overtones" into the case, and labelling this as an attempt to "elicit an emotional response from the jury." (Dkt. 280 at 4). This was neither the Government's intention nor would be it be the faceplates' result, and the defendants cite to no authority supporting their request to the Court to restrict the personal religious symbols a witness can wear. In fact, "[a] number of courts have held that it is inappropriate and unnecessary to restrict a party from wearing their ordinary religious clothing during trial, when the Court can mitigate the threat of prejudice through *voir dire* and a limiting instruction." *Westfahl v. District of Columbia*, 11 Civ. 2210 (CRC), 2015 WL 13697453, at *2 (D.D.C. July 24, 2015) (collecting cases); *see also O'Reilly v. New York Times*, 692 F.2d 863, 869-870 n.8 (2d Cir. 1982). Many people make the personal choice to wear jewelry bearing religious symbols, including crosses, and there is nothing inappropriate or even unusual about doing so. Consequently, the Government sees no reason to instruct the victims to provide other photographs.

      The defendants make the strained argument that the use of these two faceplates will "create an impression that the Jewish defendants committed a crime against good Christian women." (Dkt. 280 at 4). It is simply not reasonable to think that the jury would reach that particular conclusion

after seeing only two of the many women who are expected to testify at trial wearing a common type of religious jewelry in a photograph. Further, the jury will be drawn from a pool of New Yorkers with a wide range of religious backgrounds and beliefs, and there is no basis to assume that they would all have sympathetic views toward people who wear symbols associated with Christianity.

The defendants next argument betrays their true agenda with this request—to convince the Court to permit them to introduce ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (*see* Ex. 2 and Ex. 3 to Dkt. 280) that are squarely prohibited under Rule 412[1] under the guise of providing the jurors with a purportedly more complete view of these victims. The defendants claim that the faceplates would "misleadingly portray the victims as pious, models, and virtuous" and ask, if these faceplates are admitted, to be able to introduce evidence of the "immodest displays these women repeatedly post for the world to see." (Dkt. 280 at 4). Putting aside that the defendants desire to portray the victims as unvirtuous or impious is precisely what Rule 412 was meant to preclude, the defendants' argument here smacks of the offensive and dangerous idea that a woman is "asking for it" when her skirt is "too short" and should be soundly rejected. A woman's character is not defined by her wardrobe and her vulnerability to sexual assault and rape is not impacted by what she is wearing in photographs. The defendants should not be permitted to suggest otherwise to the jury.

---

[1] The defendants have not made a motion to admit these photographs under Rule 412 or provided notice to Victim-6 or Victim-14, which they are required to do in order to admit these photographs at trial. *See* Fed. R. Evid. 412(c)(1)(A). It is plain that the defendants concluded that they had no legitimate basis to seek to introduce these photographs under Rule 412, as their only conceivable purpose would be to imply to the jury that Victim-6 and Victim-14 are promiscuous or make otherwise prohibited arguments about their sexual predispositions. *See* Fed. R. Evid. 412, Advisory Committee Notes (1994); *see also Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000) (acknowledging that the ban on sexual predisposition evidence encompasses any evidence "relating to the alleged victims' mode of dress, speech, or lifestyle").

Page 3

For the foregoing reasons, the defendants' request to admit additional photographs of Victim-6 and Victim-14 should also be denied.

                                      Respectfully submitted,

                                      JAY CLAYTON
                                      United States Attorney

By:   /s                     
      Kaiya Arroyo
      Elizabeth A. Espinosa
      Andrew W. Jones
      Madison Reddick Smyser
      Assistant United States Attorneys
      (212) 637-2226/-2216/-2249/-2381