<a>
</a>



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:___1/16/2026__

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 12, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007



Re:   *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
      **S5 24 Cr. 676 (VEC)**

Dear Judge Caproni:

The Government respectfully submits this letter to request the Court order the defense (i) to provide notice of any alibi defense related to the charged conduct, and (ii) to ensure that defense investigators are not misrepresenting their identities or investigating victims' children.

## I. The Court Should Order the Defense to Provide Notice of Any Alibi Defenses Pursuant to Rule 12.1

### A. Relevant Background

On December 30, 2025, the Government provided the defendants with a letter requesting written notice, pursuant to Federal Rule of Criminal Procedure 12.1, if the defendants intended to offer an alibi defense. (*See* Ex. A ("Gov't Alibi Letter")). This letter requested notice of an alibi defense for the approximate date, time, and location of the defendants' assaults of the victims the Court ruled could testify. The defendants responded on January 3, 2026, with a letter refusing to provide notice of any alibi defenses. (*See* Ex. B ("Def. Response to Gov't Alibi Letter")).

Although the Government believes that Rule 12.1 applies to assaults under Rules 413 and 404(b) based on the text and purpose of Rule 12.1, as well as the reasoning of cases discussed *infra*, the Government no longer seeks notice of an alibi defense for sexual assaults being admitted under Rules 413 or 404(b) only. The Government does, however, seek notice of an alibi defense as to the substantive victims and those victims whose assaults the Court ruled could be admitted

as conspiracy evidence.[1]  For ease of reference, the dates, times, and locations for which the Government is seeking a notice of an alibi defense from the defendants are as follows:

- **Victim-1 (Counts 1, 2):**  6 Grape Arbor Lane, East Hampton, NY 11937, on or about Memorial Day Weekend 2011, *i.e.*, May 27-30, 2011

- **Victim-2 (Counts 1, 3):**[2]  26 On the Bluff, Sag Harbor, NY 11963, on or about the evening of September 3, 2016

- **Minor Victim-3 (Counts 1, 5):**  88 Peconic Hills, Southampton, NY 11968, on or about Memorial Day Weekend 2009, *i.e.*, May 22-25, 2009

- **Victim-4 (Counts 1, 6):**  88 Peconic Hills, Southampton, NY 11968, on or about June 26-27, 2009

- **Victim-5 (Counts 1, 7):**  88 Peconic Hills, Southampton, NY 11968, on or about June 26-27, 2009

- **Victim-6 (Counts 1, 8):**  26 On the Bluff, Sag Harbor, NY 11963, on or about the morning of August 17, 2014

- **Victim-7 (Counts 10, 11):**  Aboard the Norwegian Sky cruise ship travelling between Miami, Florida and the Bahamas, on or about the evening of January 28, 2012, through the early morning of January 29, 2012

- **Minor Victim-8 (Count 12):**[3]  55 West 26th Street, Apt. 31K, New York, NY 10010, on or about the late evening of April 15, 2009, through the morning of April 16, 2009

---

[1] *See* Nov. 24, 2025 Conf. Tr. at 15-19 (finding evidence of substantive victims admissible as evidence of the conspiracy); *id.* at 28 (finding evidence of Victim-9, Minor Victim-25, and Minor Victim-26's assaults admissible as evidence of the conspiracy); *id.* at 32 (finding evidence of Victim-10 and Victim-11' assaults admissible as evidence of the conspiracy); *id.* at 35 (finding evidence of Victim-12's assault admissible as evidence of the conspiracy); *id.* at 51(finding evidence of Victim-16's assault admissible as evidence of the conspiracy); *id.* at 62 (finding evidence of Victim-21's assault admissible as evidence of the conspiracy).

[2] The defendants noted that the Government's letter did not include dates, times, or locations for Counts Three and Eight, which allege the defendants violated 18 U.S.C. § 2422 with regard to Victim-2 and Victim-6.  (Def. Response to Gov't Alibi Letter at 1, 3-4).  The Government is not seeking notice of an alibi as to these two counts.

[3] Minor Victim-8 herein refers to the victim identified in Count Twelve of the S5 Superseding Indictment; the victim previously identified as Minor Victim-8 will hereafter be referred to as Minor Victim-26.  In addition, the Government reserves the right to argue that Minor Victim-8's

- **Victim-9 (Count 1):**  The Little Nell, 675 E. Durant Avenue, Aspen, CO 81611, on or about the evening of January 26, 2017, through the early morning of January 27, 2017

- **Victim-10 (Count 1):**  The Cosmopolitan of Las Vegas, 3708 S. Las Vegas Boulevard, Las Vegas, NV 89109, on or about the evening of August 26, 2017, through the early morning of August 27, 2017

- **Victim-11 (Count 1):**  The Cosmopolitan of Las Vegas, 3708 S. Las Vegas Boulevard, Las Vegas, NV 89109, on or about the evening of August 26, 2017, through the early morning of August 27, 2017

- **Victim-12 (Count 1):**  123 Baxter Street, Apt. 3A, New York, NY 10013, on or about the late evening of June 21, 2012, through the early morning of June 22, 2012

- **Victim-16 (Count 1):**  123 Baxter Street, Apt. 3A, New York, NY 10013, on or about the evening of February 10, 2011

- **Victim-21 (Count 1):**  55 West 26th Street, Apt. 31K, New York, NY 10010, on or about the late evening of March 5, 2010, through the early morning of March 6, 2010

- **Minor Victim-25 (Count 1):**  The Little Nell, 675 E. Durant Avenue, Aspen, CO 81611, on or about the late evening of January 26, 2017, through the early morning January 27, 2017

- **Minor Victim-26 (Count 1):**  The Little Nell, 675 E. Durant Avenue, Aspen, CO 81611, on or about the late evening of January 26, 2017, through the early morning January 27, 2017

**B.  Applicable Law**

Rule 12.1(a) provides that the Government "may request in writing that the defendant notify . . . [the Government] of any intended alibi defense.  The request must state the time, date, and place of the alleged offense." Fed. R. Crim. P. 12.1(a)(1).  Upon receipt of this request, the defendant has 14 days (or whatever time the court sets) to "serve written notice on [the Government] of any intended alibi defense." Fed. R. Crim. P. 12.1(a)(2).  This notice must include the "specific place where the defendant claims to have been at the time of the alleged offense" and "the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Fed. R. Crim. P. 12.1(a)(2)(A), (B).  If the defendant provides such a notice, the Government must provide the names of each witness the Government intends to rely on to establish the defendants' presence at the scene of the alleged offense and of each Government rebuttal witness to the defendant's alibi defense.  Fed. R. Crim. P. 12.1(b)(1)(A).

---

assault is evidence of the conspiracy, depending on how the Court ultimately resolves that issue. (*See* Dkt. 269).

Rule 12.1 was adopted to avoid "unnecessary interruption and delay in trial" that often results when an alibi defense is raised. Fed. R. Crim. P. 12.1, advisory committee notes to 1974 amendments. When such a defense is raised, "it may come as a surprise to the government," and delay may result "to enable the government to conduct an appropriate investigation." *Id.* Rule 12.1 seeks "to prevent this by providing a mechanism which will enable the parties to have specific information in advance of trial to prepare to meet the issue of alibi during the trial." *Id.* "Given the ease with which an alibi can be fabricated, the [Government's] interest in protecting itself against an eleventh-hour defense is both obvious and legitimate." *United States v. Pandrella*, No. 19 Cr. 122 (MKB), 2021 WL 2010415, at *2 (E.D.N.Y. Apr. 20, 2021) (quoting *Williams v. Florida*, 399 U.S. 78, 81 (1970)); *see also United States v. Ford*, 683 F.3d 761, 764 (7th Cir. 2012) ("Notice to the prosecution of proposed alibi evidence is required because an alibi defense is at once compelling if accepted and easy to concoct, so the prosecution is justified in wanting an opportunity to investigate it in advance of trial."). "Notice-of-alibi rules . . . are based on the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." *Pandrella*, 2021 WL 2010415, at *2 (quoting *Wardius v. Oregon*, 412 U.S. 470, 473 (1973)).

C. Discussion

The Court should order the defendants to promptly provide notice of any alibi defense for the sex trafficking, aggravated sexual abuse and sexual abuse, and exploitation of a minor offenses alleged in the Indictment, including for assaults the Court has already ruled are admissible as evidence of the conspiracy count. The Government has provided approximate dates, times, and locations for these offenses, triggering the defendants' obligations under Rule 12.1. Without advance notice, any alibi defense at trial would violate Rule 12.1 and would likely cause significant delays in the trial. *See Pandrella*, 2021 WL 2010415, at *2.

In refusing to provide notice of an alibi defense, the defendants have primarily argued that (i) Rule 12.1 does not require alibi notice for conspiracy victims, and (ii) the dates, times, and locations provided by the Government are insufficient to trigger their obligations under Rule 12.1. (Def. Response to Gov't Alibi Letter at 1). The Court should reject these arguments.

*First*, the defendants should be required to give alibi notice for assaults of conspiracy victims, as well as substantive victims. Although the Second Circuit does not appear to have considered whether Rule 12.1 can require notice-of-alibi as to discrete acts within a conspiracy, other circuits have "recognize[d] it to be permissible and consistent with the rule's purpose for the prosecution to seek notice-of-alibi with respect to a discrete temporal aspect of the crime charged[,]" including for conspiracy charges, which "are accomplished over a long period of time." *United States v. Vela*, 673 F.2d 86, 88-89 (5th Cir. 1982); *see also United States v. Dupuy*, 760 F.2d 1492, 1498-99 (9th Cir. 1985) (acknowledging that the Government could properly seek alibi notice as to a particular overt act in a narcotics conspiracy). In so holding, these courts noted that in such cases, "it would render [Rule 12.1] unworkable if the prosecution could not narrow its notice-of-alibi demand to a more limited interval." *Vela*, 673 F.2d at 88-89. Courts in this District have followed suit. *See United States v. Martoma*, No. 12 Cr. 973 (PGG), 2014 WL 31700, at *6

(S.D.N.Y. Jan. 6, 2014) (noting that "[t]he reasoning of *Vela* and *Dupuy* appears sound" and requiring defendant provide notice of alibi defense for a particular act in furtherance of conspiracy); *see also Pandrella*, 2021 WL 2010415, at *4 (requiring defendant to provide notice of alibi evidence related to "preparation for, commission of, flight from, or cover-up" of victim's robbery and murder in a case in which a conspiracy was not charged). This Court should do the same and require the defendants to give notice for those acts it has already found to be admissible evidence of the conspiracy count.

The defendants argue that they are not required to provide alibi notice as to acts admissible only to show an ongoing conspiracy because Rule 12.1 "confines the notice to 'the alleged offense'" and "[t]he core of the definition of an alibi . . . is that an alibi renders it impossible for a defendant to be the guilty party." (Def. Response to Gov't Alibi Letter at 3). But the sex trafficking conspiracy is an "alleged offense" for purposes of Rule 12.1, and the Court has already held that the acts for which the Government seeks notice of an alibi defense are admissible as evidence of the conspiracy. (*See supra* n.1). Any other finding would render Rule 12.1 wholly inapplicable to conspiracy charges, a holding which would not comport with the text of Rule 12.1, the purpose of the rule in avoiding unfair surprises and delays at trial, and the case law described above. Indeed, courts have considered and rejected the very arguments raised by the defendants here. For example, in holding that the defendant had to provide alibi notice of an act in furtherance of an securities fraud conspiracy in *Martoma*, Judge Gardephe rejected the defense's similar argument that "the information requested does not constitute 'an alibi defense as a matter of law,' since the Government is not required to prove [the defendant's] presence" at the particular event in question "as an element of any of the charges" and proof that the defendant was not there "would not constitute a complete defense to any of the charges [] but would simply rebut one aspect of the Government's evidentiary presentation." 2014 WL 31700, at *5 (internal quotation marks and citations omitted). Judge Gardephe explained that this argument ignores the purpose of Rule 12.1 and adopted the Fifth and Ninth Circuit's reasoning in *Vela* and *Dupuy*.

The two District of Massachusetts cases the defendants cited in their response to the Government's alibi letter are not to the contrary. (*See* Def. Response to Gov't Alibi Letter at 3 (citing *United States v. Ducran*, 639 F. Supp. 2d 127, 128 (D. Mass. 2009); *United States v. Gilbert*, 188 F.R.D. 176, 177 (D. Mass. 1999)). These cases explain that Rule 12.1 only requires alibi notice for crimes charged in the indictment. *See Ducran*, 639 F. Supp. 2d at 129-31 (finding defendant did not need to provide alibi notice for potential Rule 404(b) evidence of three uncharged robberies); *Gilbert*, 188 F.R.D. at 179 (finding that defendant did not need to provide alibi notice for "possible Rule 404(b) evidence or aggravating factors alleged in [the Government's] Notice of Intention to Seek the Death Penalty" that did not cover the same time period charged in the indictment)). The sex trafficking conspiracy is, however, Count One of the Indictment. And the First Circuit has not faulted the Government where it has sought an alibi notice as to acts in furtherance of a charged conspiracy. *See United States v. Nelson-Rodriguez*, 319 F.3d 12, 36 (1st Cir. 2003) (noting Government sought an alibi notice for two overt acts). Accordingly, the Court should order the defense to provide alibi notice for offenses against the substantive and conspiracy victims, *i.e.*, Victims-1 and -2, Minor Victim-3, Victims-4 through -7, Minor Victim-8, Victims-9 through -12, Victim-16, Victim-21, and Minor Victims-25 and -26.

*Second*, the locations, times, and dates provided by the Government as to these victims are sufficient to trigger the defendants' Rule 12.1 obligations. As to the locations, aside from the instance in which Alon and Oren Alexander raped Victim-7 on a cruise ship, the Government has identified addresses where the assaults occurred. With regard to date and times, the Government has provided the defendants with at minimum, the weekend in which the offense occurred, and often the particular late night and early morning. All of these time frames relate to the charged conduct. For example, for Victim-1 and Minor Victim-3, the Government has noted that the offenses occurred during Memorial Day Weekend of 2011 and 2009 respectively—which was at least part of the time in which the victims were recruited to and harbored at the houses where the defendants were staying in the Hamptons.[4] None of these are too vague to prevent the defendants from providing notice of an alibi. The defendants can "respond with the same level of specificity as the Government," i.e., indicate whether they intend to offer evidence that they were not at the particular locations on the particular weekends noted by the Government. *United States v. Young*, No. 08 Cr. 285 (KMK), 2008 WL 4178190, at *4 n.4 (S.D.N.Y. Sept. 4, 2008) (noting that "if Defendant intends to offer an alibi that he was never at the martial arts studio on any of the Saturdays in the Fall of 2006, then notice would be appropriate").

The defendants argue that the dates and times must be more specific under Rule 12.1, but courts have approved of dates and times far broader than what the Government has described here. *See, e.g.*, *United States v. Yian*, No. 94 Cr. 719 (DLC), 1995 WL 368445, at *5 (S.D.N.Y. June 21, 1995) (finding Government's request for alibi was "sufficiently particular" as to time, date, and place where it "[r]elide on the indictment," which charged schemes lasting over a year); *see also United States v. Portela*, 167 F.3d 687, 704 (1st Cir. 1999) (holding allegation that defendant possessed narcotics "on or about March 1995" was sufficient for the defendant to investigate alibi defense); *United States v. Paiva*, 892 F.2d 148, 155 (1st Cir. 1989) (same where offense was alleged to have been committed in "early 1983" and "the fall of 1983"). Indeed, it would be particularly inequitable to deny the Government's motion on this ground, when the victims'

---

[4] The defendants fault the Government for both being too vague and too specific. Where the Government provided more specific dates and times for particular assaults, the defense argued that the Government's identification of these dates, times, and places was "inconsistent with [its] proffered theory of sex trafficking and sex trafficking conspiracy that these offenses did not occur at the place and time of any alleged rape or sexual assault." (Def. Response to Gov't Alibi Letter at 1). For avoidance of doubt, the Government's theory, consistent with the law, is that the substantive sex trafficking crimes occurred over the entire time period that the defendants recruited, enticed, harbored, transported, provided, or obtained the victims intending the victims engage in a commercial sex act. *See* 18 U.S.C. § 1591(a)(1). Although there is no requirement that a commercial sex occur for the crime of sex trafficking to be completed, *see United States v. Corley*, 679 F. App'x 1, 7 (2d Cir. 2017), that a sex act occurred is relevant to the jury finding that a defendant committed sex trafficking, and in this particular case, the assaults identified in the Government's letter occurred during the time period in which the defendants recruited, enticed, harbored, transported, provided, or obtained the victims. But, as explained above, for purposes of Rule 12.1, it is "permissible and consistent with the rule's purpose for the prosecution to seek notice-of-alibi with respect to a discrete temporal aspect of the crime charged," and to hold otherwise would unfairly require the Government "either to use the notice-of-alibi procedure for an entire criminal transaction or to eschew use of the rule entirely." *Vela*, 673 F.2d at 88-89.

incomplete memories as to the precise timing of their assaults is often due to the defendants' pattern of drugging them.

Notably, the only case the defendants rely on, *United v. Bickman*, 491 F. Supp. 277 (E.D. Pa. 1980), is inapposite. In requiring the Government to be more specific than an approximately 12-hour period, the court there noted that "[t]his is not a case where the criminal acts occurred over a long period of time, thereby justifiably necessitating a lack of specificity as to the time of the alleged offense in a demand for notice of an alibi defense." *Id.* at 279. Unlike *Bickman*, this is a long-running conspiracy in which each instance of sex trafficking occurs over the entire period in which a victim is recruited, enticed, harbored, transported, provided, or obtained. *See supra* n.4. The Court should therefore order the defendants to provide notice of any alibi defenses based on the dates, times, and places listed above.

## II. The Court Should Order the Defense to Ensure that Its Investigators Are Not Misrepresenting Their Identities or Investigating Victims' Children

On or about December 20, 2025, the Government learned that an individual ("Individual-1") had represented herself as an employee of an insurance company to Victim-4's neighbors and was, among other things, asking questions about Victim-4's minor children. That day, the Government contacted the defense to ask if Individual-1 was employed by the defense and whether their investigators were misrepresenting themselves or asking about children. Defense counsel stated they would look into this issue and get back to the Government as soon as possible. Later that day, defense counsel informed the Government that they had not directed any investigators to misrepresent themselves or to ask about victims' children and that they were not aware of their investigators doing so. They noted they were waiting on full information and would keep the Government informed as to their findings.

When the Government did not hear back from defense counsel, it began investigating Individual-1. As part of that investigation, on or about January 10, 2026, agents approached Individual-1, who informed the agents that she had been employed by a particular person ("Individual-2"). Individual-2 is employed by the defense as an investigator and is listed on the defense's witness list. Individual-1 confirmed that she had been asking questions about Victim-4's children. That evening, the Government informed defense counsel of its findings and requested that the defense stop its investigators from misrepresenting their identities or asking about victims' children. Defense counsel indicated that they were not aware of any other instances of this and that they have tried to set guidelines to prevent it but acknowledged that this case involves far-reaching investigative efforts.

The Government recognizes that defense counsel has a duty to investigate and appreciates defense counsel's stated attempts to set guidelines for its investigators. Even so, the conduct of Individual-1, who was employed by the defense, crossed ethical lines.[5] The Government has an

---

[5] *See* American Bar Association, Criminal Justice Standards for the Defense Function, Standard 4-4.3(d): Relationship With Witnesses (2017), https://www.americanbar.org/groups/criminal_justice/resources/standards/defense-function/ ("Defense counsel should not use means

obligation to protect the privacy and safety of its victims and witnesses, and misrepresentations about the identity of investigators and irrelevant and inappropriate questions about minor children threaten that privacy and safety. The harm that results from this behavior is not hypothetical or imagined. These boundary-crossing investigative efforts that implicate victim family members and safety may very well result in the unavailability of Government's witnesses—a fact that defense counsel is undoubtedly aware. Given this series of events, the Government respectfully requests that Court order the defense to ensure that its investigators are not misrepresenting their identities or asking questions about victims' children.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew W. Jones
Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381

---

Application GRANTED. Not later than **Thursday, January 22, 2026**, pursuant to Federal Rule of Criminal Procedure 12.1, Defendants must provide notice of any intended alibi defense as to the substantive victims and those victims whose assaults the Court ruled could be admitted as direct evidence of the alleged conspiracy. A memorandum opinion further explaining the Court's decision herein will follow.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 303.

SO ORDERED.

*[signature]*                                  1/16/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

that have no substantial purpose other than to embarrass, delay, or burden, and not use methods of obtaining evidence that violate legal rights. Defense counsel and their agents should not misrepresent their status, identity or interests when communicating with a witness."); New York County Lawyers Association Committee on Professional Ethics, Formal Opinion No. 737 (May 23, 2007), https://www.nycla.org/resource/ethics-opinion/nycla-committee-on-professional-ethics-formal-opinion-on-non-government/ (noting that except under "narrow conditions," it is unethical for a lawyer to knowingly supervise agents who dissemble).