

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 12, 2026

**BY EMAIL**                                                   **SUBMITTED UNDER SEAL**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:    ***United States v. Alon Alexander, Oren Alexander, and Tal Alexander,***
>         **S5 24 Cr. 676 (VEC)**

Dear Judge Caproni:

        The Government respectfully moves to admit the testimony of two minor victims (Minor
Victim-27 and Minor Victim-28) as direct evidence of the conspiracy charged in Count One to
demonstrate that the conspiracy existed prior to Oren Alexander and a second man assaulting and
recording Minor Victim-8 in or about April 2009.  This testimony is needed to respond to recent
defense arguments that as of April 2009, the defendants had not begun what would become a years'
long conspiracy to sexually assault and rape victims after incapacitating them with an intoxicant.
(*See* Tr. of Dec. 11, 2025 conference at 55-59).  To the contrary, the proposed testimony shows
that the defendants were conspiring ██████████████████.  It also illustrates the origins of the
defendants' conspiracy, demonstrates the longstanding criminal nature of the relationship between
the defendants, and establishes that the defendants' had a meeting of the minds on the criminal
aims of the conspiracy long before 2009.  Therefore, the evidence is admissible as direct evidence
of Count One of the Indictment, the charged conspiracy offense.

        A.        **Minor Victim-27 and Minor Victim-28**

████████████████████████████████████████████████████
████████████████████████████████████████████████████

1 ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████



**B.** **Minor Victim-27 and Minor Victim-28's Testimony is Direct Evidence of the Conspiracy**

1. <u>Applicable Law</u>

Where, as here, the indictment contains a conspiracy charge, "uncharged acts may be admissible as direct evidence of the conspiracy itself." *United States v. Eppolito,* 543 F.3d 25, 47 (2d Cir.2008); *see also United States v. Bagaric*, 706 F.2d 42, 64 (2d Cir. 1983) ("the Government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy"). Such evidence is admissible where it "show[s] the development of the relationship between" the defendants and their co-conspirators, where it "provid[es] background for the events alleged in the indictment[,]" and where it "enabl[es] the jury to understand the complete story of the crimes charged, or how the illegal relationship between co-conspirators developed." *United States v. Mercado,* 573 F.3d 138, 141 (2d Cir.2009); *see also United States v. Romero-Padilla*, 583 F.3d 126, 130 (2d Cir. 2009) (per curiam) ("Although the evidence did not concern the charged conspiracy, it was relevant background evidence inasmuch as it corroborated

---

2

the charge that Ferro and Romero-Padilla were partners during the charged conspiracy and established that Romero-Padilla's participation in the charged conspiracy was at least in part motivated by his desire to acquire the funds necessary to complete the other contemplated transactions with Ferro."); *United States v. Williams*, 205 F.3d 23, 33-34 (2d Cir. 2000) ("In our view, evidence of Williams's prior criminal conduct with his co-conspirators was relevant to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed."); *United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999) ("it is within the [trial] court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators"); *United States v. Abdalla*, 346 F. Supp. 3d 420, 426 (S.D.N.Y. 2018) (admitting evidence of uncharged acts of narcotics trafficking as direct evidence of the charged conspiracy as they helped to explain how the relationship between coconspirators developed and were acts done in furtherance of the conspiracy); *United States v. Pacheco*, 902 F. Supp. 469, 474 (S.D.N.Y. 1995) (denying the defendant's motion to preclude evidence of the uncharged narcotics transaction underlying the charged kidnapping conspiracy); *United States v. Bumagin*, 136 F. Supp. 3d 361, 368–69 (E.D.N.Y. 2015) (admitting evidence of uncharged robberies in a robbery conspiracy trial that "fit[s] the pattern of [the] charged robberies" as the uncharged acts evidence is "relevant because it tend [s] to make it more likely than not that [Defendant] had engaged in [the charged] robbery conspiracy[.]").

When a conspiracy is charged, courts routinely admit evidence "that does not directly establish an element of the offense charged, in order to provide background for the events alleged in the indictment." *United States v. Birbal*, 62 F.3d 456, 464 (2d Cir. 1995); *see also United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997) (same); *United States v. Skowronski*, 968 F.2d 242, 246 (2d Cir. 1992) (same); *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989); *United States v. Lingat*, No. 21 Cr. 573 (MKV), 2024 WL 1051633, at *3 (S.D.N.Y. Mar. 11, 2024), *aff'd sub nom. United States v. Lemay*, No. 24-2328-CR, 2025 WL 1873404 (2d Cir. July 8, 2025); *United States v. Pacheco*, 902 F. Supp. 469, 474 (S.D.N.Y. 1995); *United States v. Inniss*, 2019 WL 6999912, at *4 (E.D.N.Y. Dec. 20, 2019); *United States v. Bumagin*, 136 F. Supp. 3d 361, 367 (E.D.N.Y. 2015).

2.    Argument

The Court should permit the Government to introduce the testimony of Minor Victim-27 and Minor Victim-28[3] as direct evidence of the charged conspiracy. As laid out above, this evidence establishes that the defendants were engaged in the same pattern of criminal conduct *years* before 2009: ███████████████████████████████████

████████████████████████████████████████████████

█████████████████████    And, as with many of their subsequent rapes and sexual

---

[3] If this testimony is permitted, the Government may also seek to introduce testimony of Friend-3 as a percipient witness.

assaults, ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████ This is nearly identical to the playbook the defendants followed time and time again throughout the time period charged in the Indictment and is admissible as direct evidence of the conspiracy. *See Eppolito,* 543 F.3d at 47.

The testimony of Minor Victim-27 and Minor Victim-28 provides valuable background to the conspiracy and will help the jury understand the complete story of the charged crimes. This evidence makes clear that the conspiracy did not emerge for the first time in 2009; ██████

████████████████████████████ a share house in the Hamptons in their early 20s, and later on, among other things, weekends a waterfront mansion in the Hamptons, complete with a boat and private chef. This evidence also demonstrates that the defendants' use of intoxicants to prevent their victims from resisting and to cloud percipient memories of the assault were long-running parts of their criminal conduct.

Further, the testimony of Minor Victim-27 and Minor Victim-28 illustrates the development of the illegal relationship between the coconspirators and illustrates the relationship of trust between them. *See Diaz,* 176 F.3d at 79. The conduct about which Minor Victim-27 will testify is particularly illuminating on this point—████████████████████████████
████████████████████████████████████████████ That testimony—which tracks with several other instances of victims regaining consciousness to a similarly harrowing scene—illustrates that even in high school, the defendants were working together to ███████████████████████
████████████ It makes clear that they had developed a relationship of mutual trust such that they felt comfortable ██████████████████████████.

This evidence is neither "more sensational" nor "more disturbing" than the charged crimes and Rule 403 does not bar its admission. *See United States v. Roldan-Zapata,* 916 F.2d 795, 804 (2d Cir. 1990). While this evidence is certainly damning and disturbing, it is remarkably similar to the other evidence that the jury will hear, ████████████████████████████████
████████████████████████████ Indeed, it is clearly evidence of the early stages of the defendants' criminal conspiracy and is not unduly prejudicial. And although the defendants were also minors at the time ███████████████████████████████
████████████, that is not sufficiently prejudicial as to warrant preclusion.[4] Moreover, the defendants

---

[4] Courts may permit the Government to introduce evidence of a defendant's criminal acts prior to the age of 18 when he has "ratified" his membership in the conspiracy after turning 18. "It is well established that federal courts have jurisdiction over conspiracies begun while a defendant was a minor but completed after his eighteenth birthday. *United States v. Wong,* 40 F.3d 1347, 1365 (2d Cir. 1994). "Because conspiracy is a continuing crime that endures until its objectives are either completed or abandoned, a federal court may assume jurisdiction over a defendant upon a "threshold demonstration of post-eighteen conspiracy activity." *Id.*; *see also United States v.*

have invited the introduction of this evidence by arguing there was no "meeting of the minds" between the defendants "to obtain women" and intoxicate them prior to May 2009. (*See* Tr. of Dec. 11, 2025 conference at 62). There clearly was, which the testimony from these victims will show.

   For the foregoing reasons, the testimony of Minor Victim-27 and Minor Victim-28 should be admitted as direct evidence of the conspiracy.

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

      By:   /s          
        Kaiya Arroyo
        Elizabeth A. Espinosa
        Andrew Jones
        Madison Reddick Smyser
        Assistant United States Attorneys
        (212) 637-2226/-2216/-2249/-2381

---

*Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1991)*, as amended on denial of reh'g sub nom. United States v. Arnold*, 12 F.3d 599 (6th Cir. 1993).  Here, the defendants' post-eighteen conspiracy conduct is overwhelming, and indeed the only pre-eighteen conspiracy evidence that the Government is seeking to admit is this incident.  Accordingly, the Court should admit the testimony of Minor Victim-27 and Minor Victim-28 as direct evidence of the conspiracy.