

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2026



February 3, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    United States v. Alon Alexander, Oren Alexander, and Tal Alexander
              S4 24 Cr. 676 (VEC)
              Motion to Quash Rule 17 Subpoena on behalf of Minor Victim 26.

Your Honor:

    We represent Minor Victim 26 in the above-captioned matter. By this letter motion, we respectfully move to quash a subpoena issued pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17"), which was served on Sunday, February 1, 2026, at 2:19 a.m. and is returnable upon the witness's testimony. The subpoena demands production of: (1) photographs; (2) videos; (3) social-media posts; and (4) all non-privileged communications—including texts, direct messages, and Facebook messages—in native format with all metadata preserved. The subpoena is attached as **Exhibit A**.

    This subpoena suffers from the same, and indeed more extreme, defects that led this Court to quash the subpoenas issued to Victim 2 only weeks ago. Although styled as a trial subpoena, its substance remains identical: the demand seeks sweeping categories of digital communications and social media content whose only conceivable use would be impeachment, without identifying specific admissible evidence as required by *Nixon*, and is returnable at the moment Minor Victim 26 testifies. The present subpoena therefore repeats the very errors this Court has already found fatal.

    For the reasons set forth below the subpoena must be quashed in its entirety.

1

| TORGAN, COOPER + AARON, P.C. |

## ARGUMENT

### I. Rule 17(c) Authorizes Only Specific Admissible Evidence and May Not Be Used as a Discovery Device

Rule 17(c) permits subpoenas for documents only within narrow limits and directs courts to quash any demand that is "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The Supreme Court has emphasized that Rule 17(c) "was not intended to provide a means of discovery for criminal cases," but rather to facilitate the inspection of specific evidentiary materials in order to expedite trial. *United States v. Nixon*, 418 U.S. 683, 698–99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951)). Courts must ensure that the Rule does not become "a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Rule 16." *Id.* at 698.

To enforce that limitation, the Supreme Court adopted the four-part test requiring that subpoenaed materials be: (1) evidentiary and relevant; (2) not otherwise procurable reasonably in advance of trial by due diligence; (3) necessary for trial preparation without unreasonable delay; and (4) sought in good faith rather than as a general fishing expedition. *Id.* at 699–700. The subpoena here fails each element because it does not seek identified evidence but instead demands wholesale categories of personal digital information.

### II. The Subpoena Is a Classic Fishing Expedition Seeking "Any and All" Digital Content

Rather than identify particular items known to be admissible, the subpoena commands production of "all photographs, all videos, all social-media posts, and all non-privileged communications with metadata preserved." *See* Exhibit A. Such open-ended demands are the paradigm of an impermissible fishing expedition. The Southern District has held that subpoenas seeking "any and all documents," without reference to "specific admissible evidence," justify the inference that the proponent is engaging in prohibited discovery. *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513–14 (S.D.N.Y. 2013). A Rule 17(c) subpoena must be able to "reasonably specify the information contained or believed to be contained in the documents sought," rather than "merely hop[e] that something useful will turn up." *Id.* (quoting *United States v. Louis*, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005)).

Courts applying this standard have rejected nearly identical language. In *United States v. Jabar*, subpoenas demanding "Any correspondence," "Any records or documents," and "All records" were quashed because such wording showed defendants were "not aware of, and do not seek, any specific document," but instead hoped that collection might reveal something helpful. *United States v. Jabar*, 2016 WL 8671207, at *4 (W.D.N.Y. July 22, 2016). The subpoena here is broader still: it requires the witness to create a forensic archive of her digital life so that defense counsel may later search for contradictions. That is discovery, not the production of evidence. Accordingly, because the subpoena does not identify or seek a narrow set of discrete, specifically identifiable communications, but instead demands broad categories of digital content, it must be quashed.

2

| TORGAN, COOPER + AARON, P.C. |

### III. Materials Sought Solely for Impeachment Are Improper Under Rule 17(c)

The defect is compounded because the materials are sought only for impeachment. Courts in this District consistently hold that documents are not "evidentiary" for Rule 17(c) purposes if their use is limited to impeaching a witness. *United States v. Cherry*, 876 F. Supp. 547, 552–53 (S.D.N.Y. 1995). As the Supreme Court explained in *Nixon*, "generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial," and the subpoenas there were valid only because the tapes had "other valid potential evidentiary uses." *Id.* at 553 (citing *Nixon*, 418 U.S. at 701).

Applying that principle, courts have rejected subpoenas seeking material usable only to challenge credibility. *United States v. Binday*, 908 F. Supp. 2d 485, 498–99 (S.D.N.Y. 2012) (subpoena fails where it seeks material that could be used "only to impeach a witness"). Several decisions recognize an "absolute prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes." *United States v. Weissman*, No. 01-CR-529, 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002). Speculative assertions that the materials "may have some evidentiary basis other than impeachment" do not cure the defect where defendants cannot "reasonably specify the information contained or believed to be contained in the documents sought." *Id.*

The present subpoena fits squarely within these prohibitions. Photographs, social-media posts, and private messages are not offered as proof of any element of the charged offenses. Their only conceivable relevance would arise after the witness testifies, so that counsel might search for perceived inconsistencies. Until that condition occurs, the materials are not themselves evidentiary and therefore fall outside the permissible scope of Rule 17(c). Rule 17(c) does not permit compelled production for that purpose, and the demand therefore must be quashed.

### IV. Mid-Trial Service on a Victim Seeking Personal Digital Information Is Particularly Disfavored

Courts are especially hostile to subpoenas served during trial that seek personal digital information from victims. In *United States v. Nix*, subpoenas issued mid-trial and returnable at the start of testimony were condemned as an "improper use of subpoena power" amounting to an "impermissible fishing expedition." 251 F. Supp. 3d 555, 559–60 (W.D.N.Y. 2017). Rule 17(c)(3) affords heightened protection when subpoenas call for "personal or confidential information of a victim," requiring notice in "ample time for the victim to move to quash or modify" before compliance is compelled. *United States v. Ray*, 337 F.R.D. 561, 565–66 (S.D.N.Y. 2020). Notice is "not an idle gesture," but a substantive safeguard against precisely the sort of eleventh-hour digital sweep attempted here. *Id.* at 566.

Service at 2:19 a.m. on the eve of testimony, demanding the witness's entire online history with metadata, undermines those protections and mirrors the abusive practice rejected in *Nix*.

3

| TORGAN, COOPER + AARON, P.C. |

## V. Compliance Would Be Unreasonable and Oppressive Under Rule 17(c)(2)

The subpoena would require the witness—a non-party—to locate years of personal digital content, convert it to native format, preserve and export metadata, and deliver it immediately upon being called to testify. The burden is not limited to retrieving a discrete document but to constructing a comprehensive digital archive. Where a subpoena lacks boundaries and seeks information untethered to identified evidence, such burdens are the very definition of "unreasonable and oppressive." Fed. R. Crim. P. 17(c)(2); *Mendinueta-Ibarro*, 956 F. Supp. 2d at 514.

## CONCLUSION

For all of the foregoing reasons, the subpoena seeks non-evidentiary impeachment material, fails to identify specific admissible evidence as required by *Nixon*, constitutes an impermissible fishing expedition, and imposes unreasonable and oppressive burdens on Minor Victim 26. Pursuant to Federal Rule of Criminal Procedure 17(c)(2), the subpoena should be quashed in its entirety.

Respectfully submitted,

TORGAN COOPER & AARON, P.C.

By: ___/s/ *Evan Torgan*___
    Evan Torgan
    Jonathan Tabar

4

Application GRANTED. The Court has repeatedly admonished Defendants that, to survive scrutiny, their Rule 17(c) subpoenas *duces tecum* must identify specific, relevant evidence that is likely to be admissible. *See* Dkts. 328, 385; *see also, e.g.*, *United States v. Nixon*, 418 U.S. 683, 700 (1974). "[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, the requirement of specificity [has] not [] been met." *See United States v. Sawinski*, No. 00 CR. 499 (RPP), 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000) (internal quotation marks omitted).

Defendants' Rule 17(c) subpoena to Minor Victim 26 appears to request all of Minor Victim 26's photographs, videos, social media posts, and any "non-privileged" communications "regarding the events at Bootsey Bellows, at the Little Nell residence, and Alon and Oren Alexander, which occurred on or about January 26-27, 2017[.]" *See* Dkt. 384-1. As with other of Defendants' document requests that have been quashed, and notwithstanding their modest temporal and geographic limitations, the requests here fail to *specifically* identify any documents that Defendants seek, nor is there any showing that the materials sought exist whatsoever. Defendants are on a fishing expedition hoping that, if Minor Victim 26 digs through her files and communication history, something useful may surface. The subpoena requests are therefore inappropriate and unreasonable.

Defendants' Rule 17(c) subpoena *duces tecum* to Minor Victim 26 is QUASHED. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 384.

SO ORDERED.

*[signature]*   2/4/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE