

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 10, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    ***United States v. Alon Alexander, Oren Alexander, and Tal Alexander,***
             **S6 24 Cr. 676 (VEC)**

Dear Judge Caproni:

      The Government respectfully writes in advance of Victim-1's testimony to ask that the Court admit GX A-101-23 as evidence of Victim-1's prior consistent statement, pursuant to Federal Rule of Evidence 801(d)(1)(B).

*Victim-1's Expected Testimony*

      Victim-1 is expected to testify that during Memorial Day weekend in 2011 she visited the Hamptons and stayed with Tal Alexander. While Victim-1 was at the house, she was given a glass of wine. After drinking the wine, Victim-1 became severely intoxicated. Tal Alexander and a second man then raped Victim-1 at the home. The next morning, Tal Alexander kicked Victim-1 out of the house.

      A few years after the assault, Victim-1 disclosed the details of the assault to a woman named "Liz," who Victim-1 had been introduced to by a mutual friend ("Friend-1"). Friend-1 asked Victim-1 if she would talk to Liz because Friend-1 understood that Victim-1 and Liz had similar experiences with the Alexander Brothers—Victim-1 with Tal and Liz with Alon. After being introduced by Friend-1, Victim-1 spoke to Liz on the phone. During that call, Victim-1 told Liz about what Tal had done to her in the Hamptons, and Liz told Victim-1 about being drugged and assaulted by Alon, including that during the assault Alon had taken out her tampon.

*Admissibility of Government Exhibit A-101-23*

      The Government intends to introduce evidence, including Victim-1's testimony, of Victim-1's statements to both Liz and Friend-1 as prior consistent statements, pursuant to Federal Rule of Evidence 801(d)(1)(B). As far as the Government is aware, the defense does not object to the introduction of these statements under this rule.

In addition to Victim-1's testimony about her prior statements, the Government also intends to introduce a copy of GX A-101-23 as evidence of Victim-1's prior statements. As has been discussed previously related to this exhibit, GX A-101-23 is a screenshot of a Facebook or Instagram conversation between Alon Alexander and Liz. The exhibit was found saved to Alon's iCloud account in the trash folder. The conversation between Alon and Liz begins at some time before August 12, 2011. In the first message that is visible in the screenshot, Alon wrote "I'm sure you had a good time besides losing your tampon for 48 hours." In later a later message, on October 29, 2011, Liz wrote, "Btw I know when we hung out you drugged me when we hooked up. Ever look at me again and I'll ruin your fucking life and career."

The Government seeks to admit GX A-101-23 not to prove that Liz's statements within the exhibit are true but rather to prove that she made those statements. This is a classic non-hearsay purpose. *See United States v. Dawkins*, 999 F.3d 767, 789 (2d Cir. 2021) (a statement "offered not for its truth, but for the fact that it was said" is not hearsay); *In re 650 Fifth Ave. & Related Props.*, No. 08 CIV. 10934 (KBF), 2017 WL 6729515, at *4 (S.D.N.Y. June 22, 2017) ("This statement was not for the truth of whether or not Badr-Taleh was in fact approached in the particular manner in which he described, but for the fact that this was his description."). Victim-1 will testify that she told the mutual friend about what happened in the Hamptons and that after Victim-1 told the friend, the friend put Victim-1 in touch with Liz. During the call with Liz, Liz described details of being assaulted by Alon, including that Alon took Liz's tampon out before assaulting her.[1] Evidence that Liz accused Alon of drugging and raping her, paired with the evidence that the mutual friend put Victim-1 in touch with Liz, tends to corroborate Victim-1's statement that she told both the mutual friend and Liz about being drugged and assaulted in the Hamptons. If Victim-1 had not told the mutual friend, the mutual friend would not have put Victim-1 in touch with Liz, and Victim-1's knowledge of Liz's allegations is further evidence that the conversation occurred as Victim-1 described. This argument remains unchanged, even if Liz's allegations against Alon were false.

The only conceivable rationale for excluding the exhibit would be under Rule 403, but the Court should not do so. The probative value of this evidence is the way in which it corroborates Vicitm-1, and that value is high. The defendants will almost certainly attack Vicitm-1's credibility extensively on cross examination. Indeed they already did so in their opening, where for nearly two pages of trial transcript, defense counsel specifically targeted Victim-1's credibility. (Trial Tr. 96-98). These attacks on Victim-1 make her prior statements highly relevant, and evidence that corroborates those prior statements is therefore intensely probative. On the other side of the ledger, the risk of unfair prejudice is comparatively small. Although admitting GX A-101-23 would place Liz's statement in front of the jury, Liz's statement will not cause unfair prejudice. The Government will not argue that Liz was a victim of Alon's beyond making the point that the jury can and should believe Victim-1 when she says she told her friends years ago because one friend put her in touch with Liz, and Victim-1 knows too many details of Liz's account to be making up

---

[1] The clear inference from GX A-101-23 is that Alon assaulted Liz without first removing her tampon and that it was stuck inside her for two days.

a story about talking with Liz. And the Court can mitigate any prejudice with a tailored limiting instruction.[2]

Finally, although the Court has previously excluded the admission of GX A-101-23 when offered for a different purpose, the Government respectfully asks that the Court reconsider that ruling in light of recent defense cross-examination. Specifically, during cross examination of the Government's summary witness on February 9, 2026, defense counsel asked the witness multiple times whether there was evidence about providing drugs to someone who did not know they would be taking drugs. (*See* Trial Tr. 2079 ("Did you review any texts in that chain about providing drugs to somebody who did not know they would be taking drugs?"); *id.* at 2085 ("There's nothing in here about giving any drugs to anybody who didn't know they would be taking drugs, right?")). The Court's prior ruling about the admissibility of the exhibit should not be used as a sword and a shield. For reasons unknown, the defendants chose to cross-examine the witness about a lack of text messages showing surreptitious drugging while knowing full well the evidence existed on the defendants' devices and accounts but was being excluded, principally on Rule 403 grounds. Now that the defendants opened a door they had previously closed, and the evidence that was previously excluded should be admitted to correct the misimpression left in the mind of jurors by this defense questioning.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
Kaiya Arroyo, Elizabeth A. Espinosa
Andrew Jones, Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381

---

[2] The Government suggests the following proposal for a limiting instruction: When evaluating this evidence you may not consider whether the statements in the text message are true or false. Rather the Government has offered this evidence for a limited purpose, and you may consider it only insofar as you find it corroborates Victim-1's testimony that she told others about being assaulted.