```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/13/2026
```



February 11, 2026

**Susan Schroeder**

+1 212 230 8865 (t)
+1 212 230 8888 (f)
susan.schroeder@wilmerhale.com

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   *United States v. Alexander et al.*, Docket 24-CR-00676 (VEC) (S.D.N.Y.) –
       Motion to Quash Rule 17(c) Subpoena on behalf of Minor Victim 25

Your Honor:

We write on behalf of our client Minor Victim 25 in connection with the above-referenced matter. On February 10, 2026, at approximately 10:18pm, Defendant Alon Alexander served another subpoena pursuant to Federal Rule of Criminal Procedure 17(c) (the "Subpoena").[1] The Subpoena seeks "metadata of the airplane photos you [Minor Victim 25] took on your way to Aspen on January 26, 2017," metadata for the picture labeled Government Exhibit 15-102, photos, with metadata, of Minor Victim 25 and several other individuals from January 26, 2017 to January 27, 2017, and all written communications between Minor Victim 25 and several other individuals relating to "events that occurred at Bootsey Bellows and the Little Nell residences on January 26-27, 2017," without any other limitation. For the reasons set forth below, Minor Victim 25 respectfully moves to quash the Subpoena pursuant to Federal Rule of Civil Procedure 17(c)(2).[2]

The Subpoena suffers from the same fatal defects as the subpoena Defendant served on Minor Victim 25 on February 1, 2026, which this Court quashed on February 10, 2026. Dkt. No. 404. As with the prior subpoena, Defendant seeks sweeping and undefined categories of material, including all communications over a seven-year period between Minor Victim 25 and several individuals, as well as an unspecified number of photos taken during a two-day period. These requests lack specificity, fail to identify admissible evidence, and instead amount to precisely the sort of fishing expedition barred by *United States v. Nixon*, 418 U.S. 683, 700 (1974).

The timing of the Subpoena independently renders it unreasonable and oppressive. Defendant served the Subpoena yesterday at 10:18pm, after Minor Victim 25's direct examination, and on the eve of Minor Victim 25's second day of testimony, which is scheduled to begin at

---

[1] A copy of the Subpoena is attached hereto as Exhibit A, which redacts the identities of Minor Victim 25 and other victims whose identities are confidential.

[2] Minor Victim 25 has made a limited production in response to the Subpoena, which included certain readily available documents responsive to Requests 1-4 of the Subpoena. But Minor Victim 25 otherwise objects to the Subpoena, for the reasons stated herein.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

WILMERHALE

The Honorable Valerie E. Caproni
February 11, 2026
Page 2

9:30am today.  Compelling Minor Victim 25 to search for and produce what could be hundreds of personal photos and communications overnight, immediately before testifying, is both unduly burdensome and unreasonable.  *See United States v. Jasper*, 2003 WL 1107526, at *3 (S.D.N.Y. Mar. 13, 2003) (quashing Rule 17(c) subpoena that was an "improper sweeping request for discovery on the eve of trial").

For these reasons, and for the additional reasons set forth in Minor Victim 25's prior letter motion, Dkt. No. 396, and this Court's order quashing Defendant's February 1, 2026 subpoena, Dkt. No. 404, Minor Victim 25 respectfully requests that the Court quash the Subpoena.

We appreciate the Court's consideration.

Respectfully Submitted,


/s/ Susan Schroeder
Susan Schroeder

---

Application DENIED.  The Court finds that Requests #1, #2, and #3 in Defendants' renewed subpoena to Minor Victim 25 pass muster (albeit, just barely) under *United States v. Nixon*, 418 U.S. 683 (1974).  During her sworn testimony, Minor Victim 25 confirmed that the photos and metadata requested by Defendants exist and are within her possession.  *See* Tr. of Feb. 10, 2026, at 2399:2-21, 2404:10-21.  Although the Court remains skeptical of the value of these materials, Defendants have made a threadbare showing that the photos and metadata are admissible for impeachment purposes and marginally relevant to some facts of consequence in this action.  *Id.* 2408:15-2411:10.  Minor Victim 25's motion to quash is DENIED as to Requests #1, #2, and #3.  To the extent that Minor Victim 25 has identified additional photos responsive to subpoena Requests #1, #2, and #3 that have not been provided to Defendants, they must be produced.

Request #4 is MODIFIED.  Minor Victim 25 has produced some communications between her and her respective friends.  Because those texts had some impeachment value, Minor Victim 25 must produce any additional group texts that exist between the three individuals for the period between when they arrived at the Bootsey Bellows and when they departed the Little Nell Residences.

SO ORDERED.

*[signature: Valerie Caproni]*    2/13/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE