```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/17/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                              :

UNITED STATES OF AMERICA             :

                -against-                      :           24-CR-676 (VEC)

ALON ALEXANDER, OREN ALEXANDER, and    :            MEMORANDUM
TAL ALEXANDER,                            :          OPINION AND ORDER

                            Defendants.          :

------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       Pursuant to the Court's February 11, 2026 order, *see* Dkt. 407, on February 12, 2026, Victim 2 produced to the Court for *in camera* inspection (i) the "Detailed Timeline.docx" document that is the subject of Defendants' Rule 17(c) subpoena, *see* Dkt. 392-1, and (ii) communications between Victim 2 and Mr. Ira Meyerowitz, Esq., that tend to support Victim 2's assertion that the document was prepared with legal counsel "for the purpose of seeking . . . legal advice concerning potential civil claims arising from the events that are now the subject of this criminal prosecution," Dkt. 392-2 ¶ 3.

       The Court's review of the materials provided by Victim 2 confirms that the "Detailed Timeline.docx" was prepared (i) by Victim 2 in coordination Mr. Meyerowitz, (ii) subject to a formal attorney-client relationship, (iii) for the purpose of seeking legal advice concerning potential civil claims related to Victim 2's allegations of sexual assault. It is therefore protected

by the attorney-client privilege[1] and the work-product doctrine.[2] Because the timeline document is clearly privileged, it would be appropriately discoverable pursuant to a Rule 17(c) subpoena only if Victim 2 waived either privilege. *See United States v. Nixon*, 418 U.S. 683, 700 (1974) (party seeking documents with Rule 17(c) subpoena must show the documents are likely to be admissible, among other things).

She has not. Generally, "the attorney-client privilege is waived if the 'holder of the privilege voluntarily discloses or consents to disclosure of any *significant part* of the matter or communication.'" *Browne of N.Y.C., Inc. v. AmBase Corp.*, 150 F.R.D. 465, 478 (S.D.N.Y. 1993) (emphasis added). Work-product protection "is less readily waived," and "will be found only if the party has voluntarily disclosed the work-product in such a manner that it is likely to be revealed to [her] adversary." *Id.* at 479 (collecting cases).

Victim 2's *de minimis* on-the-record discussion of the timeline document is not sufficient to constitute a waiver of either privilege. Defense counsel's questions about the document were quite general. Beyond her acknowledgment that the document exists, Victim 2's answers were mostly uninformative and revealed little of consequence. For example, Defense counsel probed Victim 2 on "what the detailed timeline says," Tr. of Feb. 3, 2026, at 1289:22–23, but Victim 2 could only recall that the timeline included "approximations," not "numerical times," *id.* at 1290:5–6, and that it indicated that she "did not want to go on the boat" with Defendants, *id.* at 1290:13–17. At no point did Victim 2 attempt to discuss the document in greater detail, nor did

---

[1] "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011).

[2] "The attorney work product doctrine . . . provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003).

she indicate that she could. And testimony that is limited to the existence of a document, combined with a handful of its peripheral details, is insufficient to constitute waiver. *See N.Y. Times Co. v. United States Dep't of Just.*, 939 F.3d 479, 497 (S.D.N.Y. 2019) ("A . . . litigant who described her attorney's work product . . . in such broad and nonspecific language could not be said to have effectively disclosed that work product.").[3]

In short, ambiguous disclosures about a document that Victim 2 created in tandem with her attorney are insufficient to constitute waiver of the privileges attached thereto. Put differently: Victim 2's testimony did not "divulge[] the content of the [timeline document] with enough specificity" to forfeit the protections afforded to it. *N.Y. Times Co.*, 939 F.3d at 497. For that reason, Victim 2's motion to quash Defendants' February 2, 2026, subpoena, *see* Dkt. 392, is GRANTED. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 392.

SO ORDERED.

Date: February 17, 2026
New York, NY

_____
VALERIE CAPRONI
United States District Judge

---

[3] Nor is there a compelling argument that Victim 2's discussion of the timeline document constitutes "subject-matter" or "implicit" waiver of any privilege. The concepts of "subject-matter" and "implicit" waiver are meant to guard against a party's use of privilege as both a "sword" and a "shield." *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). In other words, a party may not "use the substance of the documents as a sword while at the same time invoking the privilege as a shield to prevent disclosure of the very materials that it has repeatedly invited the courts to rely upon." *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 473 (S.D.N.Y. 1996). Such "testimonial use of [privileged] materials" may open the underlying materials to discovery. *United States v. Nobles*, 422 U.S. 225, 239–240 (1975).

Victim 2, a victim-witness called by the Government during its case-in-chief in a criminal trial, is not "adversarial" to Defendants in the sense of the term as used by courts discussing subject-matter or implicit waiver. Victim 2 did not inject the document into her testimony as an attempt to bolster her credibility or to ground her factual assertions. Nor did she falsely imply (to the parties or jury) that the full contents of the document have been disclosed – to the contrary, she expressly stated that she could not recall the particulars of the document. The cases that discuss implicit waiver, and the principles espoused therein, are not particularly useful in this context.