

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 26, 2026

**BY EMAIL**                                              **SUBMITTED UNDER SEAL**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

>   Re:   *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
>         S6 24 Cr. 676 (VEC)

Dear Judge Caproni:

   The Government respectfully submits this letter to alert the Court that a defense investigator ("Investigator-1") has been removed from working on the above-captioned matter and to update the Court regarding continued discussions between the parties about the conduct of defense investigators in the case.

   **I.   Relevant Background**

   As detailed further below, defense investigators in this case have engaged in a pattern of misconduct that has intimidated witnesses and violated court orders—including misrepresenting themselves to a potential witness, investigating the children of victims, revealing sealed information to a potential witness, disclosing information covered by a protective order to a potential witness, and directly contacting a represented witness who was proffering with the Government.

   **A.   Defense Investigator Misrepresents Identity and Investigates Victim's Children**

   As the Court is aware, on or about December 20, 2025, the Government learned that an individual ("Investigator-2") had represented herself as an employee of an insurance company to Victim-4's neighbors and was, among other things, asking questions about Victim-4's minor children. On or about January 10, 2026, agents approached Investigator-2, who informed the agents that she had been employed by Investigator-1. Investigator-2 confirmed that she had been asking questions about Victim-4's children.

   After the Government brought this information to the Court (*see* 1/12/206 Hearing Tr. at 4), on or about January 12, 2026, the Court addressed this issue with defense counsel as follows: "The message needs to go out to stop this . . . . There will be consequences if it continues, and I

know you understand that. I expect better from all of you, so I'm gonna assume that it is not you. That it was them, but it's your responsibility." (*Id.* at 5). Defense counsel for Oren Alexander made clear that he "understood" and affirmed that it is their "responsibility" to supervise investigators. (*Id.*).

After Victim-4 learned of Investigator-2's behavior, Victim-4 informed her counsel that she no longer wanted to participate in the case due to concerns about her family and especially her children. Since then, Victim-4 has not returned her counsel's repeated efforts to contact her, and the Government is unlikely to be able to proceed on Counts Six and Seven, which relate to Victim-4 and Victim-5's experiences together in the Hamptons in or about late June 2009.



## II. Discussion

As detailed above, defense investigators in this case have engaged in a pattern of misconduct and deception. The harm caused by this behavior is not hypothetical; their conduct has led to the unavailability of a victim who understandably appears to have been intimidated by these tactics.

Given the above conduct, defense counsel has agreed to terminate Investigator-1's role in the case, and the defendants have represented that, as of January 26, 2026, Investigator-1 has resigned from this matter. To guard against future misconduct, the Government has requested that the defendants identify any investigators and sub-contractors working directly or indirectly for the defense team, including any newly hired investigators or sub-contractors. The parties have been conferring on this request and defense counsel has indicated they will provide their positions once they communicate with their clients.

Should there be any further instances of misconduct, the Government expects to ask the Court to, at a minimum, direct the defendants to identify a specific attorney on the defense team who will be responsible for directly supervising defense investigators and sub-contractors going forward. If this step becomes necessary, the supervising attorney should be tasked with assuming full responsibility for overseeing the conduct of any investigator or sub-contractor under their remit. The Government respectfully submits that if defense investigators continue to engage in misconduct, despite the remedial step already taken, such a measure would be necessary to ensure

---

[1] Given this letter's description of ▮ and concerns raised by particular victims concerning family members, the Government respectfully seeks to file this letter under seal. Should the Court prefer the public filing of a partially redacted version of this letter, the Government respectfully requests leave to file such redacted version after the conclusion of trial to avoid exacerbating any confusion or concern to other victims and witnesses in this case during the pendency of trial.

that Government witnesses are protected from harassment and potential tampering and that all parties receive a fair trial.

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

By:   /s
        Kaiya Arroyo
        Elizabeth A. Espinosa
        Andrew Jones
        Madison Reddick Smyser
        Assistant United States Attorneys
        (212) 637-2226/-2216/-2249/-2381