# AGNIFILO
# INTRATER

January 27, 2026

**VIA EMAIL**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Re: *United States v. Tal Alexander, Alon Alexander, & Oren Alexander,*
24 Cr. 676 (VEC)

Dear Judge Caproni:

    We are in receipt of the government's sealed letter from last night and we submit this sealed letter in response. The parties have been in regular contact regarding certain matters that have been raised by the prosecution. In response to the issues of a sub-contracted investigator stating that he worked for an insurance company or some such representation, upon discussing this issue in court on January 12, 2026, I sent the attached email to the investigator with whom we have been working in this case later that same day.

    In the email, I stated several things. First, that my email must be provided to all investigators brought on to this matter. Second, that every investigator shall do each of the following four things: (i) treat every person approached, interviewed or contacted with complete respect, (ii) be immediately and completely honest and transparent about the identity of the client and the legal matter, (iii) limit the questions to matters appropriate to the investigation, and (iv) engage in no form of deception in any way.

    An assurance was made that our investigator would follow these directives. At some time later, it was brought to our attention that our investigator had contacted a represented party and also that our investigator had told another potential witness ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. We questioned the investigator on these topics. We also reviewed his notes of the interview. We learned the following. First, that there was an inadvertent phone call placed in error by the investigator to a represented person, and that when the investigator saw the call had been placed, he immediately hung up. There was no conversation and there never was going to be a conversation between the investigator and that person. Second, that the investigator did not tell anyone ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

    On this point, I was confronted with conflicting narratives, one provided by the government, the other by our investigator. In an exercise of caution, I made the decision to separate from the investigator. As a result, the investigator will do no further work on this case in any way. We then informed the government of our decision.

Hon. Judge Caproni
January 27, 2026
Page 2 of 2

      We oppose the intrusion into the defense function proposed by the government. As I made clear to the court, in my email to the investigator and here again, the lawyer is responsible for the investigator, and I have indicated that I shoulder that responsibility. It is undisputed that I have taken decisive action in light of the issues raised, not because they have been proven to be true, but as a matter of my professional discretion. There is no basis to forego a lawyer's professional discretion in favor of some sort of government and court oversight under these circumstances.

      Respectfully submitted,

_____
Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek
Jason Goldman

*Attorneys for Alon Alexander*

Milton L. Williams
Alexander V. Kahn
Deanna Paul

*Attorneys for Tal Alexander*

cc:    All counsel (via email)