# AGNIFILO INTRATER

March 1, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
             24 Cr. 646 (VEC)

Dear Judge Caproni:

      We write on behalf of Defendant Oren Alexander regarding modifications to the Court's draft jury charge the government proposed during the February 27, 2026 charge conference. Regarding Count 12, the Court should charge the jury as originally proposed on page 39:10-13 of the Court's draft proposed charge, without the additional language requested by the government during the charge conference and objected to by the defense. *See* Tr.4265-66. The Court's original proposal tracks the clear statutory language, Sand's model charge, and the parties' original requests. *See* Dkt.219 at Request No. 10; Dkt.222 at Request Nos. 34, 36. In contrast, the government's proposed new additions contradict the statute's plain text and will only confuse the jury and introduce error into the charge.

      18 U.S.C. § 2251(a) is a specific intent statute. And the specific intent the government is required to prove is clearly described by the statute's plain language. Section 2251(a) prohibits a person from using, persuading, inducing, or enticing any minor to engage in sexually explicit conduct, "with the intent that such minor engage in any sexually explicit conduct *for the purpose of* producing any visual depiction of such conduct *or for the purpose* of transmitting a live visual depiction of such conduct." 18 U.S.C. § 2251(a) (emphasis added). The text is clear. The defendant must carry out the prohibited conduct—using, persuading, inducing, or enticing the minor to engage in sexually explicit conduct—"for the purpose of" achieving a specified prohibited object—here, producing a visual depiction of such conduct. No lesser intent suffices.

      The choice of statutory language is significant. Section 2251 does not criminalize the mere act of producing a visual depiction of sexually explicit conduct. Rather, the statute "criminalizes the act of exploitation for photography." *United States v. Torres*, 894 F.3d 305, 325-26 (D.C. Cir. 2018) (Williams, J., concurring in part and dissenting in part); *see United States v. Broxmeyer*, 616 F.3d 120, 125 (2d Cir. 2010) ("These are words of causation; the statute punishes the cause when it brings about the effect."). "In the scheme of § 2251(a)," then, the "sexual contacts [must be] *aimed at generating* [the] photography." *Torres*, 894 F.3d at 326 (emphasis in original).

      Courts and jurists have accordingly observed that Section 2251(a) "requires the government to prove that creating a visual depiction was 'the purpose' of an accused for engaging

The Honorable Valerie E. Caproni
March 1, 2026
Page 2 of 3

in sexual conduct, not merely 'a purpose' that may happen to arise at the same instant as the conduct." *United States v. McCauley*, 983 F.3d 690, 695 (4th Cir. 2020); *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015) (holding that evidence must be sufficient to prove defendant engaged in sexual relations "to take a picture"). And "the statute's requirement that the government prove that the defendant carried on the activity with '*the* purpose of producing' a visual depiction means that the government must establish that purpose as the defendant's *dominant* purpose (singular)." *Torres*, 894 F.3d at 326 (Williams, J., concurring in part and dissenting in part) (emphasis in original).[1]

The simplest description of the purpose requirement is the description prescribed by Congress: the statutory text. That is the formulation in Sand's model charge, which, like the Court's initial draft charge, accurately captures the statute's requirements. *See* S3 Modern Federal Jury Instructions-Criminal 20.18. The Court should not now deviate.

The government's proposed additions to the charge water down the legal requirements below what the statute demands and will only confuse the jury and introduce error into the charge.

For starters, the government's proposal seeks to impermissibly broaden the statute's requirements. Congress's choice of language in Section 2251(a) was intentional, as evidenced by its choice of words in other similar statutes, where it explicitly adopted more expansive language. For example, the 2018 amendment to the child transportation statute, 18 U.S.C. § 2423(b), loosened that statute's "for the purpose of" language through an amendment that criminalized travel carried out "with a motivating purpose of engaging in any illicit sexual conduct." That change was designed to "lower[] the government's burden of proof for conviction." *United States v. Flucas*, 22 F.4th 1149, 1177 (9th Cir. 2022) (Bybee, J., dissenting). That statute was amended again in 2023 to criminalize travel carried out "with intent to engage in any illicit sexual conduct." Section 2251(a)'s narrower purpose requirement persists. And while Congress has attempted to amend 18 U.S.C. 2251(a)'s "purpose" requirement to add the breadth it has introduced in other similar statutes, it has not so amended the statute. *See* H. Rep. 115-137 (describing the PROTECTING AGAINST CHILD EXPLOITATION ACT OF 2017). Against that backdrop, courts should be particularly hesitant to add additional unsanctioned gloss to the statute's text.

The government's proposed language is also vague and confusing, employing broadening language without any sensible guardrails. The government suggests the Court should instruct the jury that producing a visual depiction "only has to be one of the dominant purposes," Tr.4266, but even "courts turn handsprings trying to define 'dominant' as if it were a statutory term, *see, e.g.*, *United States v. Miller,* 148 F.3d 207, 212-13 (2d Cir.1998), which it is not." *United States v. McGuire*, 627 F.3d 622, 625 (7th Cir. 2010). In *Miller*, for example, the Second Circuit stated that "'dominant' simply means that these motivations predominate over other, less powerful motivations for conduct." *United States v. Miller*, 148 F.3d 207, 212 (2d Cir. 1998); *accord United*

---

[1] The majority in *Torres* had "no cause to decide how prominent the purpose to create an image must be among a defendant's possible motives" and assumed on the government's concession for purposes of the appeal "that the government must show that the purpose of producing a visual image was a defendant's dominant motive for using, inducing, or coercing a minor's sexual conduct." 894 F.3d at 312.

The Honorable Valerie E. Caproni
March 1, 2026
Page 3 of 3

*States v. Jass*, 331 F. App'x 850, 853 (2d Cir. 2009).  But the government's proposal does not even clearly encompass that description of "dominant."

Nor is it even accurate to suggest a defendant can have multiple "dominant" purposes.  Indeed, in interpreting identical "for the purpose of" language in the Mann Act, the Supreme Court itself instructed that the phrase means the statute's proscribed object "must be ***the*** dominant motive," and that the proscribed activity "must be designed to bring about such result." *Mortensen v. United States*, 322 U.S. 369, 374, (1944); *accord United States v. McConney*, 329 F.2d 467, 469 (2d Cir. 1964) (citing *Mortensen*'s "the dominant motive" language).  The Court has since reiterated that the phrase "for the purpose of" requires a singular "dominant purpose"—a "prime motivation."  *Hawkins v. United States*, 358 U.S. 74, 79 (1958); *Cleveland v. United States*, 329 U.S. 14, 20 (1946) ("***the*** dominant motive") (emphasis added).

The government's proposed additions would further confuse the jury because they ignore Section 2251(a)'s temporal requirement.  Should the Court adopt any variation of the government's proposal—to be clear, it should not—it should further instruct that the defendant must formulate the required purpose to produce the visual depiction prior to engaging in the at-issue conduct.  *See McCauley*, 983 F.3d at 696 (stating "§ 2251(a) does not criminalize a spontaneous decision to create a visual depiction," and "[a]dducing 'a purpose' arising only at the moment the depiction is created erroneously allows the fact of taking an explicit video of a minor to stand in for the motivation that animated the decision to do so."); *Broxmeyer*, 616 F.3d at 125 ("Sequence is therefore critical.").

Finally, the government's proposal, if adopted, would result in an unbalanced charge, pointing only to how guilt can be established.  If the Court adopts any variation of the government's proposed additional gloss on "the purpose,"—again, it should not—the Court must further instruct that producing the visual depiction of the sexually explicit conduct cannot be an incidental purpose for engaging in the sexual activity or "merely an incident of" the activity, which would not suffice to establish the element.  *United States v. Sirois*, 87 F.3d 34, 39 (2d Cir. 1996).

Thank you for your consideration.

Respectfully,

_____
Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

cc:     All counsel (via ECF)