# AGNIFILO
# INTRATER

---

March 4, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
              24 Cr. 676 (VEC)

Dear Judge Caproni:

      We write to request, respectfully, a one sentence addition to the jury charge at page 38, between lines 6 and 7. We ask that the Court add the following text: "'Produce' means producing, directing, manufacturing, issuing, publishing, or advertising."

      That is all. That is our entire request. It comes verbatim from the United States Code.

      Count 12 charges Oren Alexander with "Sexual Exploitation of Children," in violation of 18 U.S.C. § 2251(a). This section prohibits using "any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . ." *Id.*

      Section 2251 belongs to Chapter 110 of Title 18. The chapter is titled "Sexual Exploitation and Other Abuse of Children" and criminalizes several kinds of sexual activity and visual depictions involving minors.

      Section 2256 is titled "Definitions for chapter." And § 2256 includes a specific definition for the word "producing" as used in the chapter.

      Section 2256(3) reads, in full: "(3) 'producing' means producing, directing, manufacturing, issuing, publishing, or advertising."

      Indeed, "producing" is one of only five terms in § 2251(a) that are defined in § 2256. The others are "minor" (§ 2256(1)); "visual depiction" (§ 2256(5)); "sexually explicit conduct" (§ 2256(2)) and "computer" (§ 2256(6)).

      The Court defines every single other of these terms in the jury instructions (except "computer," which is not relevant here). "Minor" is defined at 37:11, using the text of its § 2256(1)

Hon. Valerie E. Caproni
March 4, 2026
Page 2 of 2

definition. "Sexually explicit conduct" is defined at 38:1-3, using the text of its § 2256(2) definition.[1] "Visual depiction" is defined at 38:4-6, using the text of its § 2256(5) definition.

We imagine that the Court may have intended to include a definition of "producing," and apologize for not catching this sooner.

We are, as always, happy to discuss before Court resumes tomorrow morning.

Thank you for your consideration.

                                          Respectfully submitted,

                                          Marc Agnifilo
                                          Teny Geragos
                                          Zach Intrater

                                          *Attorneys for Oren Alexander*

                                          Howard Srebnick
                                          Jackie Perczek

                                          *Attorneys for Alon Alexander*

                                          Milton L. Williams
                                          Alex Kahn
                                          Deanna Paul

                                          *Attorneys for Tal Alexander*

cc:    All counsel (via email and ECF)

---

[1] There is one exception: The Court's instructions use "electronic means that," while § 2256(5) uses "electronic means which," but the trial transcript has left a number of grammatical bodies outlined in chalk on the floor. *See, e.g.*, Tr. 4195:25-4196:3 ("THE COURT: By the way, this is like high school difficult grammar. 'Me and Alon' is third grade. And I went to public school. MR. AGNIFILO: We all did."); Tr. 4228:10-13 ("THE COURT: That's not a very good sentence. MR. AGNIFILO: That's—— THE COURT: You apparently went to school with Mr. Oren on your grammar."); Tr. 4269:3 ("MR. SREBNICK: I have a grammar question."); Tr. 4492:24-25 ("And it's not inconsistent with this because this doesn't say——the grammar isn't great."); Tr. 4557:23-25 ("THE COURT: Okay. So, it would be she and Alon Alexander. Not her. Just as long as we're going to fix the grammar while we're about it."); Tr. 4603:1-3 ("THE COURT: Mr. Grammarian. I have stricken I think is the right answer. DEFENDANT OREN ALEXANDER: I went to public school.").